———o———

HAMILTON HALL, Respondent, *vs.* KIT JOHNSON, *et al.*, Appellants.

1. *Practice, civil—Trials—Instructions—Mechanic's Lien.*—An instruction in a suit on a mechanic's lien, that "if they find the account as stated in the petition or any part of it due plaintiff, then plaintiff has a lien on said building and lot, for the amount found due," is erroneous because it ignores the question whether the plaintiff has taken the steps necessary to secure his lien.

*Appeal from Audrain Circuit Court.*

S. A. *Craddock and* Forrist & *Ladd,* for Appellants.

I. The 6th instruction was manifestly erroneous, because it told the jury that respondent was entitled to his mechanic's lien, if they found any sum due to him for appellants.

This made his right to enforcement of his claim for a lien depend only upon the fact that appellants were indebted to him and excluded all the statutory requirements as essential to a lien. (Mead vs. Brotherton, 30 Mo., 201; 51 Mo., 441.)

II. All the issues were not found. (Fenwick vs. Logan, 1 Mo., 401; *Id.* 495; Hickman vs. Byrd, *Id.*, 495.) Whether or not the respondent was entitled to his lien, was one of the issues and should have been passed upon by the jury. (Williams vs. Porter, 51 Mo., 441; Morris vs. Morris, 27 Mo., 114–117; *Id.*, 320; Gibson vs. Long, 29 Mo., 133; Hause vs. Carroll, 37 Mo., 579.)

*G. B. Macfarlane*, for Respondent.

Sherwood, Judge, delivered the opinion of the court.

This was an action to enforce a mechanic's lien, brought by plaintiff against defendants as the trustees of the colored Baptist Church, in the city of Mexico, and as original contractors, for the material used in the erection of a house of worship.

The petition contains the usual allegations, and the answer traverses those of any particular importance. The evidence adduced was conflicting, and the trial resulted in a verdict for the plaintiff, and a judgment enforcing the lien as prayed for.

It is impossible to form any opinion as to the correctness of the instructions given on behalf of plaintiff, as to the force and effect of the deed made to defendants, as it has not been preserved in the record. With the exception to be presently noticed, the instructions on the part of plaintiff as well as defendants, as to whether the latter either directly or through those whose acts they expressly authorized, or subsequently ratified, purchased the materials furnished in the erection of the church building, were unobjectionable. But the sixth instruction given on the part of plaintiff, was erroneous. It was as follows: "The court further instructs the jury that if they find the account as stated in the petition, or any part of it, due plaintiff, then plaintiff has a lien on said building and lot for the amount found due."

This instruction, it will be at once perceived, tells the jury in effect, that if the defendants are indebted as alleged in the petition, a lien on the property therein mentioned is thereby created, regardless of the question whether the plaintiff had taken the proper steps to secure his lien in the time and manner prescribed by law. And the error I have pointed out, is not cured or rendered harmless, by anything contained in the other instructions which the court gave. The jury, indeed, were left in the dark on the point whether any inquiry was necessary in regard to plaintiff's complying with the statute in relation to the lien he sought to enforce. The same omission to instruct them in this particular, would not perhaps have been fatal; but, when in addition to ignoring this essential point, and passing it over in silence, they are directly told that a lien exists if indebtedness is proven, the only conceivable effect would be to exclude from their consideration as unworthy of attention, all evidence touching the matter to which I have referred. (Williams vs. Porter, 51 Mo., 441.)

Certain defects have been adverted to in the petition as a reason why the motion in arrest should have prevailed; but it is thought that the defendants by pleading to the merits, waived any objection which they otherwise might have successfully urged against the formal sufficiency of the petition.

The only material error observed, is the one already noticed, and for this the judgment must be reversed, and the cause remanded; the other judges concur.