## BROOKS v. BLACKWELL, *Appellant.*

1. **Evidence.** It is error to admit evidence upon a matter not put in issue by the pleadings.
2. **Mechanic's Lien : PRACTICE.** It is error for the court to establish a mechanic's lien without a finding by the jury that the plaintiff is entitled to the lien.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*Clark Craycroft* and *M. G. McGregor* for appellant.

*T. J. Howell* for respondent.

HOUGH, J.—This is a suit to enforce a mechanic's lien for labor performed by the plaintiff, under a contract with the defendant for the erection of a brick house in the town of Joplin. The defendant pleaded that the plaintiff failed to construct said house according to the terms of his contract, and that the work was so unskillfully performed that one of the walls had to be taken down and re-built by him at a cost of $1,300, for which sum, and other damages set forth in his answer, he prayed judgment over against the

plaintiff, and also denied the facts set forth by the plaintiff as entitling him to a lien. The plaintiff traversed the affirmative allegations in the defendant's answer. Certain mortgagees of the property sought to be charged, were made defendants, but as they have not appealed it will be unnecessary to notice the pleadings filed by them. Judg-. ment was rendered for the plaintiff for $340, and a mechanic's lien for the same established by the court.

The judgment of the circuit court must be reversed. The plaintiff was improperly allowed to introduce testimony tending to show that the defendant Blackwell assumed control and direction of the work, and that the defect alleged therein was the result of such control and direction, and was not occasioned by any fault, negligence or unskillfulness on the part of the plaintiff. No such issue was made by the pleadings.

Besides, there was no finding by the jury that the plaintiff was entitled to a lien, nor were the issues relating thereto submitted by the court to the jury. *Williams v. Porter*, 51 Mo. 441; *Hall v. Johnson*, 57 Mo. 521. Judgment reversed and cause remanded. All concur.