R. H. HALLEY et al. v. N. E. ALLOWAY et al.

MECHANIC'S LIEN. *Furnishers.* Scenery, seats and pulleys furnished and placed in a theatre, create a lien on the house and lot in favor of the mechanic and the furnisher of materials.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

T. M. STEGER for complainants.

EAST & FOGG for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill was filed to enforce the lien of mechanics, and furnishers of materials, for repairing and furnishing a house known as the "Grand Opera House," in the city of Nashville.

The only question presented for decision is, whether the things claimed to have been furnished, give a lien on the house and lot?

The matters disputed are stage machinery, such as, pulleys, rollers for cylinders, etc., used for fitting up the stage—some attached and some not—chairs furnished and fitted to the floor, and seats for accommodation of the audience, painting the scenery, curtains, and the like.

Are these materials furnished for the house, giving a lien in favor of mechanics, undertakers, founder and

machinist, who do work, or any part of the work,
or furnish materials, or any part of the materials, or
puts on a house any fixtures, machinery, or material
either of wood or metal, as provided by the Code,
section 1981?

We have no doubt of the correctness of the con-
clusion of the chancellor, that these parties were en-
titled to the mechanic's lien.

The nature of the thing done, and the character
of the house repaired, and for which the materials
were furnished, as well as the intent of the party
building, serve to guide to the correct conclusion as
to whether the work done was work on the house,
and became part of it. These elements are better
guides than the old idea as to fixtures, which was
whether the thing was *permanently* attached and fixed
in or to the freehold.

In getting up a theatre the whole building consid-
ered in reference to its uses, makes the house con-
tracted for, all that serves to complete and furnish
such a house for the purpose designed, makes up the
house and is part of it when completed.

Scenery, seats, pulleys, etc., and the like make up
a necessary part of a building designed for theatrical
exhibitions as much as do the counters on which goods
are exposed for sale in a retail mercantile store. It
is probable the scenery and other articles herein men-
tioned, are as permanently attached to and were a part
of the building as such counters.

We see no error in the decree of the chancellor
on this subject, and affirm the same with costs.