ELISHA COPPERSMITH, Adm'r of WM. COPPERSMITH et al. v. STEPHEN P. WILSON et al.

*Administration—Distribution—Statute, Limitations.*

Where administration was granted in 1866, and in 1872 two of the distributees, who were then of age, receipted the administrator in full for their shares, but in 1886 joined with the remaining distributees and an administrator *de bonis non* in an action for a settlement of the first administration : *It is held,* that the action was barred by the three years statute of limitation, as to the distributees who gave the receipts—the statute beginning to run, as to them, from the date of such receipts.

This is a CIVIL ACTION, which was tried before *Boykin, J.,* at Spring Term, 1889, of the Superior Court of PASQUOTANK County.

The issues submitted, and findings thereon, were as follows :

1. Did B Cartwright, administrator, fully administer the assets of the estate of his testator?

Answer : No.

2. If not, what is the amount of the balance due and owing by him?

Answer : $380.13, with interest at six per cent. from June, 1869, to present time.

3 Is the plaintiffs' cause of action barred by the statute of limitations? .

Answer : No.

The only assignment of error appears in the concluding portion of the statement of case on appeal, which is as follows:

The issues found in the record were submitted to the jury by the Court.

The Court charged the jury to answer the third issue No, upon the evidence before them. ·

Upon the return of the verdict, the Court rendered the judgment found in the record.

The defendants excepted.

Benoni Cartwright administered on the estate of William Coppersmith in September, 1866, and gave bond in the sum of two thousand dollars, with defendants F. M. Godfrey and John Cartwright, now dead, as sureties. Benoni Cartwright died during the year 1882, leaving a last will and testament, in which Penelope Cartwright (who has since intermarried with the defendent Stephen Wilson) was appointed executrix, and she soon thereafter qualified and entered upon the discharge of her duties. John Cartwright, the surety on the bond of Benoni, died in the year 1884, and the defendant Pattie Cartwright is his executrix.

The plaintiff Elisha Coppersmith qualified as administrator *de bonis non* upon the estate of said William Coppersmith on March 2, 1882, and brought his action to the Spring Term, 1886, of the Superior Court of Pasquotank County (joining the heirs and distributees of said William Coppersmith as plaintiffs), against the executrix of said Benoni Cartwright, and the sureties on his bond, for settlement of the administration of Benoni.

Wm. Coppersmith left surviving him his widow and the following named children: Elizabeth DeLow, J. T. Coppersmith, Wm. J. Coppersmith, Elisha Coppersmith, Fannie B. Coppersmith, Susan Coppersmith (now Cherry) and Henry Coppersmith, who are his only distributees and heirs at law, and who were infants at the time of his death.

Of these, J. T., W. G., Susan and Henry are living; the others are dead, intestate, and administrations upon their estates have been granted since the commencement of this action, and their administrators duly made parties. Elizabeth DeLow became 21 in 18__, but was married before her maturity, and died under coverture in 1872. J. T. became 21 in 1869; Wm. G. became 21 in 1872; Susan became 21 October 1, 1883, but married before 21, and still is under coverture; Henry became 21 on the __ day of _____, 1885; Fannie B. died in infancy.

This action was begun on the 20th of February, 1886.

Plaintiffs introduced an account filed by Benoni Cartwright, administrator of Wm. Coppersmith, deceased, in the office of the Clerk of the Superior Court of Pasquotank County, on the 1st day of June, 1869. Also, the account of Slater, rendered by him, and stated that they introduced this evidence for the purpose of showing that the administrator made a mistake in the addition against them of $79.60.

The defendants introduced receipts given by John J. and Wm. G. Coppersmith to Benoni Cartwright, dated respectively February, 1870, and October 19, 1872; the first for $92.17, the latter for $70—both stating that the sums therein-mentioned were "in full satisfaction" of all amounts due to the parties giving them, as distributees of the father's estate.

They also offered a similar receipt from Elizabeth DeLow, but it is without date, and no evidence was offered to show when it was given.

They further offered evidence of payments made to certain parties, who are designated as "receivers" for the infant distributees, but it did not appear by what authority they were appointed.

The account referred to as exhibit "A," was filed in 1867 as an annual account, and shows a balance of $453.93 due the estate from Benoni Cartwright, administrator.

No counsel for the plaintiffs.
*Mr. C. W. Grandy*, for the defendants

AVERY, J. (after stating the facts). Conceding that the exception was taken to the charge of the Court in reference to the bar of the statute of limitations, and not to the form of the judgment simply (and this is the just and proper construction to place upon the statement of case on appeal),

we think that his Honor erred when he instructed the jury that they must respond to the third issue, No.

The defendant offered in support of the plea of the statute of limitations, the receipts of J. T. Coppersmith and W. G. Coppersmith, bearing date respectively in 1870 and 1872, and signed after they were twenty-one years of age. Supposing that the testimony established the fact that there were mistakes made in both settlements, or, at any rate, that both of them gave receipts in full, when Benoni Cartwright, in fact, paid to each a sum less than the full amount due upon an accurate statement of accounts between him and his *cestui que trust*, it would follow that an action would lie for the unpaid balance, the settlement having been made prior to the passage of the act of 1874–'5 (*The Code*, § 574; *Koonce* v. *Russell*, 103 N. C., 179); but the statute of limitations began to run against each when the receipt was given to the administrator. Benoni Cartwright administered in 1866 and died in 1882. Elisha Coppersmith qualified as administrator *de bonis non* in 1886, and the action was brought on the 20th of February, 1886. When John T. Coppersmith gave a receipt in full in consideration of the payment of seventy dollars, in February, 1870, he was twenty-one years old, as was William G. Coppersmith when he settled with Benoni Cartwright and gave a similar receipt in consideration of the payment of ninety-two dollars and seventeen cents, in 1872. The statute began to run against each one of them from the date of their respective settlements, and the right of action on the part of each was barred after the lapse of three years.

It does not appear, from the face of the receipt of Elizabeth Delow, when it was given. We do not, therefore, discuss the question whether she is affected by the statute or not. She was under coverture before she was twenty-one years old, and had been up to the bringing of this action.

The settlement with the two infant defendants Henry and Susan, seems to have been made with receivers appointed, or

acting, for each of them.   It does not appear by what authority the receivers acted in this transaction.   We do not declare that the action is, or is not, barred as to the *feme covert* Delow, or the plaintiffs Henry and Susan.   We cannot anticipate the developments of a future trial.   In the present status of the case, we can see how it might prove best on a future trial to submit a separate issue as to whether each of the distributees is barred by the statute of limitations, with such instruction as may be applicable to the facts developed on the trial.

The action was brought by the administrator *de bonis non,* to recover the value of some corn and cotton that, it is alleged, the former administrator did not account for; and, also, a further sum not accounted for by reason of a mistake in addition made in a statement of annual account filed by Benoni Cartwright, and carried into the settlements with the distributees.   The administrator *de bonis non* is a necessary party, and the former settlements, with the consequences flowing from them, require the presence of the distributees.   *Grant* v. *Bell,* 87 N. C., 34; *Branch* v. *Branch,* 1 Murphy, 132.

If some of the distributees are barred by the statute, and some are not, the determination of the extent of the liability of the defendants may present some complicated questions for an accountant.   While we decide nothing in relation to that matter, we suggest for the consideration of the parties and the Court below, that it might prove more satisfactory to try the issue or issues arising out of the plea of the statute by jury, and reserve the questions of the value of corn and cotton unaccounted for, if any, and what sum was, by mistake, not accounted for on settlements with the distributees, if any, and how the unadministered fund should be distributed, for the consideration of a referee

There was error, for which a new trial will be granted.

Error.