JOSEPH SOSMAN *et al.*, Appellants, v. THOMAS CONLON *et al.*, Respondents.

St. Louis Court of Appeals, March 5, 1894.

1. **Mechanics' Liens**: FIXTURES. *Held, arguendo*, that in the consideration of the claim of a mechanic's lien, the character of an item as a fixture and, as part of the freehold, must be determined by the law of fixtures as between vendor and vendee and mortgagor and mortgagee, and not as between landlord and tenant.

2. ———: STAGE FITTINGS. When stage fittings are contracted for and furnished under a contract for the erection of a building for theatrical purposes, and a mechanic's lien is claimed for them, the test of the validity of the claim is not whether the fittings are attached to the freehold or whether they are removable at pleasure without injury

to the freehold or even themselves, but whether they were furnished and received with the intention of forming integral parts of a theater building.

3. ———: LIEN ACCOUNT: LUMPING CHARGE. When articles are contracted for at a lumping price, an account for them, which is filed as a mechanic's lien and sets them forth in detail, need not affix a separate price or value to each article.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

REVERSED AND REMANDED.

*Heffernan & Buckley* for appellants.

(1) It is no objection to this lien that the lien account filed did not state a separate price for each separate article.   The lien account filed does state the separate items, but gives only the lumping price.   This is proper, right and legal where, the contract is made for various articles furnished under one contract for a lumping price.   *Deardoff v. Roy,* 50 Mo. App. 70; *Grace v. Nesbit,* 109 Mo. 9.   (2) The plaintiffs are entitled to a lien in this case, because the materials for which it is claimed were furnished in the erection of the building. It is not necessary that these materials should, in such a case, have become fixtures in the strictest sense of that term.   The mere placing of machinery in a building already completed does not entitle the contractor to a lien, but, if machinery is attached to a building in the course of its erection and for the purposes for which the building is erected, the rule is otherwise.   2 Jones on Liens, secs. 1335, 1343; *Richardson v. Koch,* 81 Mo. 264.   There is a line of decisions in this state, holding that there is no lien for fences and sidewalks.   But if these are built under one contract for such improvement and building of the house, there is a right to a lien for building and material furnished for these things.   *Henry v.*

*Plitt*, 84 Mo. 237; *McDermott v. Klass*, 104 Mo. 14. As between vendor and vendee, or owners and mechanics, things are fixtures and considered as real estate not by virtue of being attached to it, but because of their use in connection with the real estate and being essential to its beneficial enjoyment. *Faro v. Stackpole*, 6 Maine, 154; *Pyle v. Pennock*, 2 W. & S. 390; Ewell on Fixtures, p. 33; *Thomas v. Davis*, 76 Mo. 72. Whatever is attached or connected in character with the original construction, that is, being material furnished for the improvement, whether attached or not to the building, is lienable. *Girard v. Riehl*, 12 Atl. Rep. 172; *Rogers v. Crow*, 40 Mo. 91; *Farmers', etc., Co. v. Hendrickson*, 25 Barb. 484; *Dimmick v. Cook*, 8 Atl. Rep. 627; *Graves v. Pierce*, 53 Mo. 423; *Grewar v. Alloway*, 3 Tenn. Chan. 584; *Halley v. Alloway*, 10 Lea, 523.

*White & McCammon* and *Beardsley & Gregory* for respondent.

There are three tests of requisites which must be considered in determining a fixture, and one of them is actual annexation to the realty, not simply a constructive annexation. *Teaff v. Hewett*, 1 Ohio St. 511. This case has been followed in Missouri, and the test of actual annexation is applied here. *Rogers v. Crow*, 40 Mo. 91; *Haeussler v. Missouri Glass Co.*, 52 Mo. 452; *Thomas v. Davis*, 76 Mo. 72; *Donnewald v. Turner Real Estate Co.*, 44 Mo. App. 350; *Gooden v. Elleardsville Hall Ass'n*, 5 Mo. App. 289; *Speiden v. Parker*, 19 Atl. Rep. 21; *Hill v. Wentworth*, 28 Vt. 428; *Bartlett v. Wood*, 32 Vt. 372; *Vanderpoel v. Van Allen*, 10 Barb. 160; Phillips on Mechanics' Liens [2 Ed.], sec. 176; Ewell on Fixtures, pp. 10, 14, 15, 16, 17 and 22; 2 Jones on Liens, secs. 1386 and 1387; 8 Am. and

Eng. Encyclopedia of Law, p. 43; *Boston Furnace Co. v. Dimock*, 33 N. E. Rep. 647. Gas fixtures are universally adjudged to be nonlienable, even though actually attached, as the bunchlights are not. *Rogers v. Crow*, 40 Mo. 91; *Towne v. Fiske*, 127 Mass. 131; *Montagu v. Dent*, 10 Rich. 135; *McKeage v. Hanover Ins. Co.*, 81 N. Y. 38; *Jarechi v. Phil. Society*, 79 Pa. St. 403; *Heysham v. Detree*, 89 Pa. St. 506; Ewell on Fixtures, p. 299; 8 Am. and Eng. Encyclopedia of Law, p. 55.

Rombauer, P. J.—The only question presented by this appeal is whether the trial court erred in declaring as a matter of law that, upon the facts appearing in evidence, the plaintiffs were not entitled to a mechanic's lien.

The defendant Conlon entered into a contract with the owners of certain property in the city of Springfield to erect on such property a four story brick building, the rear part whereof was to be formed into and used as a theater. Conlon's contract with the owners (who are his codefendants herein) is not set out literally in the record, but it sufficiently appears that it included not only the construction of the building, but also the furnishing of the stage, stage fittings, curtains and scenery. Conlon sublet the furnishings of the stage fittings and scenery to the plaintiffs at the agreed price of $3,700, which amount, as the evidence shows, was the reasonable value of the work and material. The plaintiffs caused the scenery to be painted according to order, and caused it to be set in place, furnishing the proper slides, pulleys, etc., therefor. Touching their performance of the work contracted for there is no controversy. They received on account thereof the sum of $2,035, leaving the sum of $1,665 due to them on that account. For this latter sum, and also an additional

item of $55 subsequently ordered, the plaintiffs filed a mechanic's lien in due time against the entire building, and the lot whereon the same was erected.

The plaintiffs gave evidence tending to show the foregoing facts. The testimony was conflicting whether scenery painted for one theater could with equal effect be used in another. It is conceded that the stage was of standard size, and that there is no apparent obstacle to utilizing the curtains, wings, arches, and other paraphernalia on most modern stages, as all such stages are now constructed of standard dimensions. The testimony also substantially concedes that all the curtains, wings, arches, and other paraphernalia of the stage could be moved out of the building without injuring the structure as *a mere building*, and without seriously injuring the articles thus removed. The weight of the testimony is to the effect, however, that the removal of *any* of these articles would have a tendency to destroy the completeness of the structure *as a theater*, as all the articles thus furnished are but parts in making up a complete stage and its equipments.

In actions to enforce a mechanic's lien, where the facts are not conceded, the question of lien or no lien is one of the issues to be submitted to the jury and should be passed on by them. *Williams v. Porter*, 51 Mo. 441; *Hall v. Johnson*, 57 Mo. 521. The court, having admitted the lien account in evidence, could not thereafter as a matter of law declare that the plaintiffs were not entitled to a lien, unless it was conceded that the plaintiffs stood in no contractual relation with the owner, or that they had failed to comply with the statutory requirements as to filing their lien. This technical inaccuracy in the conduct of the trial, should, however, not lead to a reversal of the judgment, if it conclusively appears by the evidence that the plaintiffs'

account contains unlienable items, which can not be segregated from the lienable items, or if it appears that, even if they can be thus segregated, the account is rendered intentionally excessive by embodying such items. This leads to the consideration of the only legal proposition, which may be regarded as a very close one under the evidence.

The defendants contend that the great bulk of the items contained in the plaintiffs' account are shown not to have been attached to the freehold, and are removable at pleasure without injury to the freehold and even without serious injury to the articles themselves. This, however, we consider not to be the true test of the nonlienable character of the articles. The question is not whether they composed integral parts of a building, but whether they were furnished and received with the intention of forming integral parts of a *theater building*, it being conceded on all hands that the rear part of the main building was constructed with the sole view of being permanently used for the purposes of a theater. That this is a controlling element in determining the question of lien or no lien, is shown in the clear discussion of that subject by Judge ELLISON, in *Cooke v. McNeil*, 49 Mo. App. 81, 84, 85.

Decisions under the mechanics' lien statutes of other states can furnish precedents by analogy only, as the lien laws of the various states are very different; yet, as far as they furnish any analogy, it would support the lien in this case. The code of Tennessee provides: "There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist who does the work or any part of the work, or furnishes the materials, or

any part of the materials, or puts thereon any fixtures, machinery or material, either of wood or metal." In *Halley v. Alloway*, 78 Tenn. 523, the question arose, whether this statute was broad enough to cover stage machinery, and the painting of scenery and curtains used for fitting up the stage, some of which were attached, and some not. The lien was upheld. The court said: "In getting up a theater the whole building, considered in reference to its uses, *makes the house contracted for;* all that serves to complete and furnish such a house for the purpose designed, makes up the house and is part of it when completed."

Now it is true that the Tennessee statute is broader than ours, but the reasoning that underlies the decision, when applied to our statute, would lead to the same result. Many of the articles furnished by the plaintiffs and embodied in their lien account were easily removable, but they may have nevertheless furnished integral parts of the theater building, and have gone to make up the house *contracted for*, when considered in reference to its uses.

So in *Dimmick v. Cook*, 115 Pa. St. 573, it was held that under the Pennsylvania statute, which gave a lien for the payment of all debts contracted "for work done or materials furnished for or about the erection" of a building, the contractor who furnished under one contract the heating, laundry and cooking apparatus, for a hotel when originally erected was entitled to a lien therefor, although part of the items thus furnished consisted of personal property easily removable, and in no way attached to the building. In *Hopewell Mills v. Taunton Savings Bank*, 150 Mass. 519, the rule in that state as between mortgagor and mortgagee is stated to be that whatever is placed in a building to carry out the purpose for which it was erected, and permanently to increase its value for occupation, or use, although it

may be removed without injury to itself, or the building, becomes part of the realty of it; and the proposition is supported by a great many authorities cited from the reports of that and other states.

We deem it to be strictly within the spirit of the mechanics' lien laws that, where such a lien is filed against the interest of the owner, the character of the item as a fixture and as a part of the freehold must be determined by the rules which govern the subject between vendor and vendee and mortgagor and mortgagee, and not by those which govern the subject in controversies between the landlord and the tenant. In that view it would admit of scarcely any doubt that the articles furnished by the plaintiffs would pass to the vendee or mortgagee in a conveyance of the theater building, as appurtenances thereto, without any special enumeration.

As opposed to the view hereinabove relied on, the general proposition may be invoked that mechanics' lien laws are passed on the theory that the mechanic has permanently parted with his work and material, and that the same has become attached to the freehold, and can therefore not be retaken by him in kind. But, while that view is entitled to weight, the other view is likewise entitled to consideration that, where the mechanic furnishes articles under an entire contract to fit a building for its designed purpose, he could not, under the strict rule which prevails in this state against splitting demands, enforce his claim as to part of his account without endangering his right to enforce it as to the residue.

Touching the objection to the lien account, that it does not state the prices for each article separately, it will suffice to say that under the recent decisions in this state it is not essential to the validity of the account that this be done, where the contract is made for a

lumping price, which is shown to be reasonable, and the items are stated in detail. *Grace v. Nesbitt*, 109 Mo. 19; *Deardorff v. Roy*, 50 Mo. App. 73.

Although we consider the proposition as a close, one, both on principle and authority, we have reached the conclusion that the court erred in declaring as a matter of law that the plaintiffs are not entitled to a lien. The judgment is therefore reversed, and the cause remanded, to be proceeded with in conformity with this opinion. All the judges concur.