THOMAS HOLDEN v. J. L. WARREN.

*Justice of the Peace—Jurisdiction—Equitable Relief.*

While a justice of the peace has no jurisdiction to administer equity affirmatively, yet, where the allegations of the complaint and the proofs show that plaintiff was entitled to judgment for a balance due on an account, he having accepted, through mistake, a sum less than was due him, he is entitled to judgment notwithstanding in his prayer he asked for equitable relief by reformation of an accounting between him and his debtor.

CIVIL ACTION, tried on appeal from a justice's court before *Starbuck, J.*, and a jury, at Fall Term, 1895, of CASWELL Superior Court. Before the jury was impanelled the defendant moved to dismiss the action for want of jurisdiction, the action having been instituted in a justice's court to reform and correct an alleged error in calculation in a settlement between the parties. The complaint was as follows :

His Honor reserved his decision in the motion to dismiss and submitted an issue to the jury as follows : " In what sum, if any, is defendant indebted to plaintiff ? " Ans., " $29 and interest up to date."

His Honor then granted the plaintiff's motion to dismiss and plaintiff appealed.

*Mr. C. D. Turner,* for plaintiff (appellant).
No counsel, *contra.*

CLARK, J. : A justice of the peace has no jurisdiction to administer equity affirmatively, (*Doroughty v .Sprinkle,* 88 N. C., 300,) though necessarily in actions of which that officer has jurisdiction an equitable matter can be set up by way of defense. *Bell v. Howerton,* 111 N. C., 69 ;

*McAdoo* v. *Callum*, 86 N. C., 419. That part of the prayer of the complaint which asks that the defendant correct the settlement, being for an equitable relief, is therefore not within the jurisdiction of the justice. But the jurisdiction is governed by the matters alleged and proven, and the plaintiff is entitled to any relief these entitle him to have without regard to the fact whether or not they are embraced in the prayer for relief. *Stokes* v. *Taylor*, 104 N. C., 394; *Fulps* v. *Mock*, 108 N. C., 601; *Simmons* v. *Allison*, at this Term. If the justice can give any relief upon the cause of action it is immaterial that the plaintiff prays for another relief which the justice has no jurisdiction to grant. *Hargrove* v. *Harris*, 116 N. C., 418.

The plaintiff complained that the defendant owed him a balance of $83.50; that by mistake in calculation—a mutual mistake of fact by both parties—the balance was stated to be $54.50, and the plaintiff on that understanding accepted $50 in full payment of the $54.50 which both parties supposed to be due, but on discovering the mistake the plaintiff demanded twenty-nine dollars still due, and, payment being refused, brings this action. Had the agreement been to receive the $50 in satisfaction of the $83.50 the agreement would have been binding, *The Code*, 574—though it would have been *nudum pactum* prior to that act. *Fickey* v. *Merrimon*, 79 N. C., 585; *Koonce* v. *Russell*, 103 N. C., 179; *Coppersmith* v. *Wilson*, 104 N. C., 28. But there has been no settlement other than for the $54.50, and there has been nothing paid or accepted in discharge of the remaining twenty-nine dollars due the plaintiff. He is entitled to bring his action at law to recover the same, and even if the defendant can show a receipt in full this would be only *prima facie* evidence which could be rebutted by proving the above facts as alleged in the complaint. The judge submitted the issue

to the jury, (reserving the motion to dismiss made on the ground of a want of jurisdiction,) and the jury found that the defendant was indebted to the plaintiff twenty-nine dollars as alleged in the complaint, with interest from the date of the settlement. His Honor denied the plaintiff's motion for judgment and dismissed the action. He was doubtless misled by the prayer of plaintiff's complaint embracing an equitable relief. But the plaintiff on the facts alleged and proved was entitled to a judgment at law for the twenty-nine dollars, and his prayer for equitable relief should have been treated as surplusage.

The facts being found by the verdict and the exception bringing up the erroneous ruling of the judge in refusing judgment thereon for the plaintiff, a new trial is not necessary, but the judgment dismissing the action is reversed (*Bernhardt* v. *Brown*, at this Term) and the cause is remanded that judgment for the plaintiff may be entered upon the verdict below.

Reversed.