231 S.W.2d 217 (1950)
HOOVER
v.
ABELL et al.
No. 21266.
Kansas City Court of Appeals. Missouri.
May 8, 1950.
*219 Guy W. Runnion, C. W. Prince, Wm. Dennis Bush, all of Kansas City, for appellant.
Hall DeWeese, Kansas City, George V. Aylward, Kansas City, for respondent John W. Hoover.
BOUR, Commissioner.
This is an appeal from a judgment of the circuit court of Jackson County, Missouri, establishing a mechanic's lien in favor of respondent John W. Hoover against certain property of appellant Beulah M. Abell, and declaring the mechanic's lien to be prior and superior to a deed of trust on the property.
The record shows that on November 12, 1947, and prior to the filing of the mechanic's lien suit mentioned above, an action was instituted by Mrs. Beulah M. Abell in the circuit court of Jackson County, at Kansas City, against John W. Hoover and R. C. Henschell. The petition in that case alleged that on or about January 28, 1947, the defendants therein entered into a written contract with the plaintiff to furnish the labor and materials for making certain repairs on a house owned by plaintiff and located in Kansas City, Missouri, and that plaintiff agreed to pay defendants the sum of $1059.00 for such labor and materials. The petition then alleged that plaintiff paid defendants the sum of $709.50, but that they had not complied with the terms of the contract in that they had furnished defective materials and performed the work in an unskillful and unworkmanlike manner; that defendants refused to complete all of the repair work; and that such conduct of defendants was in wanton disregard of plaintiff's rights. The petition prayed for $750.00 actual damages and $2500.00 punitive damages. Hoover was served with summons in this case on November 12, 1947. After obtaining two orders extending the time for filing his pleadings, Hoover filed his separate answer and counterclaim on January 20, 1948. We do not deem it necessary to summarize Hoover's answer and counterclaim. It is sufficient to say that his counterclaim did not assert a mechanic's lien against the property of Mrs. Abell mentioned above, nor was it based on the written contracts involved in the mechanic's lien suit which is before this court on appeal. Henschell is not a party to the mechanic's lien suit, and the pleadings which he filed as a defendant in the case under discussion are not material to any of the questions before us. For convenience and brevity, this action will be referred to hereinafter as "the damage suit."
On January 19, 1948, the day before Hoover filed his answer and counterclaim as a defendant in the damage suit, he filed an action to enforce a mechanic's lien before Louis J. Mazuch, Magistrate of the First District, Jackson County, Missouri, wherein Mrs. Beulah M. Abell, the plaintiff in the damage suit, Sam B. Sebree, Trustee, and Home Federal Savings and Loan Association of Kansas City, were joined as defendants. Hoover's claim in this suit was for work done and materials furnished in making certain repairs on the house owned by Mrs. Abell and located in Kansas City, Missouri; said property being the same as that involved in the damage suit filed by Mrs. Abell in the circuit court. The petition in the mechanic's lien suit alleged that the repairs were made by Hoover under two written contracts dated January 28, 1947, and February 10, 1947, between Hoover and Mrs. Abell; that upon completion of the work on May 12, 1947, and the refusal of Mrs. Abell to pay the balance of $439.00 due under the contracts, Hoover duly filed his mechanic's lien on October 24, 1947, and that on January 17, 1948, he gave notice of intention to file suit to enforce said lien and duly filed said notice. The petition also alleged that on or about March 7, 1947, Mrs. Abell executed and delivered a deed of trust on the real estate aforesaid *220 to defendant Sam B. Sebree, Trustee for defendant Home Federal Savings and Loan Association of Kansas City, to secure the payment of a note for $3750.00; that the building repairs were commenced about January 28, 1947, and prior to the execution and delivery of the deed of trust. The petition asked for judgment against Mrs. Abell in the sum of $439.00, with interest and cost of suit, and for the enforcement of such judgment as a special lien against the property aforesaid; and that the same be declared to be a first lien, prior and superior to the lien of the deed of trust.
Mrs. Abell filed in the magistrate court her answer and motion to dismiss. The trustee and cestui que trust in the deed of trust filed no pleadings. The motion to dismiss was overruled and a trial before the magistrate resulted in a personal judgment for $439.00 and costs against Mrs. Abell and a mechanic's lien on the property described in the petition, with a finding that the mechanic's lien was prior to the lien of the deed of trust. Mrs. Abell, alone, appealed to the circuit court of Jackson County, at Kansas City, where the cause was listed for trial and assigned to Division 2. Thereafter, Mrs. Abell filed a motion to dismiss, and, in the alternative, to strike the cause from the listing, which motion was overruled. A trial de novo before the court alone resulted in a judgment in favor of Hoover, identical with the judgment of the magistrate court. Mrs. Abell's motion for a new trial was overruled, and she has appealed to this court.
Mrs. Abell's first point is that the circuit court erred in overruling her motion to dismiss. The grounds alleged in the motion are that the mechanic's lien claim arose out of the transaction or occurrences that is the subject matter of Mrs. Abell's claim, as plaintiff, in the damage suit pending in the circuit court against Hoover and Henschell; that said damage suit was pending at the time Hoover filed the mechanic's lien suit in the magistrate court; that Hoover did not assert his mechanic's lien as a counterclaim in the damage suit as he was required to do by section 73 of the Civil Code, Laws 1943, p. 377, Mo.R.S.A. § 847.73, and, therefore, that his lien claim was barred, and the magistrate court, and the circuit court on appeal, had no jurisdiction over the independent action to enforce the lien. The same question was raised by the motion to dismiss filed in the magistrate court. Section 73 of the Civil Code provides:
"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrences that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
As heretofore stated, the damage suit was filed on November 12, 1947, and Hoover was served with summons on the same day. On January 19, 1948, Hoover commenced suit in the magistrate court to enforce his lien claim, and on the following day he filed his pleading in the damage suit. Hoover does not deny that his lien claim arose out of "the transaction or occurrences that is the subject matter" of the damage suit. He does contend, however, that he was not required by section 73 of the Civil Code to plead as a counterclaim in the damage suit the same matters pleaded in the mechanic's lien suit, because the latter suit was pending at the time he filed his answer to the damage suit. Mrs. Abell contends that when a person is sued, he may not thereafter, and before filing his answer, file an independent action against the plaintiff based upon a claim arising out of the transaction or occurrences that is the subject of the plaintiff's suit, because the phrase, of section 73, "not the subject of a pending action" is "intended to mean not already the subject of a pending action, and the pending action must refer to an action already pending when the suit was filed." Counsel have cited no case, and we have found none, involving the exact point. However, we do not believe that the language used by the legislature in section 73 warrants or is open to the construction contended for by Mrs. Abell. The language is: "A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at *221 the time of filing the pleading the pleader has against any opposing party * * *." Even if this section requires a pleader to set up as a counterclaim any mechanic's lien claim which he has against any opposing party (if it is within the other provisions of the section) or be forever barred from later maintaining an independent action thereon, our view is that the language just quoted does not apply to the present facts, because Hoover's lien claim was "the subject of a pending action" in the magistrate court "at the time of filing the pleading," namely, the pleading filed by Hoover in the damage suit. For this reason, if no other, Hoover was not required to assert the mechanic's lien claim as a counterclaim in the damage suit, and his failure to do so did not bar its assertion in the magistrate court.
Section 73 of our Civil Code is identical with Federal Rule 13(a), as originally drafted. The original federal rule was amended on December 27, 1946, effective March 19, 1948, by striking out the phrase "not the subject of a pending action" and adding a clause at the end of the subdivision which reads, "except that such a claim need not be so stated (i. e., as a counterclaim) if at the time the action was commenced the claim was the subject of another pending action." 28 U.S.C.A. The Federal Advisory Committee on Amendments to Rules, in a note under Rule 13(a), states: "The rewording of the subdivision in this respect insures against an undesirable possibility presented under the original rule whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the federal action." 28 U.S.C.A. See also Prudential Ins. Co. of America v. Saxe, 77 U.S.App.D.C. 144, 134 F.2d 16, 33, certiorari denied 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701. This statement is in accord with the view which we expressed above. It is true that the appellate courts must construe the provisions of the Civil Code so as to permit the accomplishment of its purpose to simplify and liberalize procedure to the end that there may be a "just, speedy, and inexpensive determination of every action", Laws 1943, sec. 2, p. 357, Mo. R.S.A. § 847.2, but that does not mean that the courts are to adopt a construction of the Code not warranted by the language of the legislature. Anthony v. Downs Amusement Co., 239 Mo.App. 1136, 205 S.W.2d 925, 929, 930. We hold that the circuit court did not err in overruling the motion to dismiss. In view of the ground upon which this ruling is placed, it is unnecessary for us to discuss or decide the question of whether section 73 is applicable to mechanic's lien claims. See Laws 1943, sec. 2, p. 357, Mo.R.S.A. § 847.2; Supreme Court Rule 3.02.
Mrs. Abell's second point is that the mechanic's lien suit is an action at law involving but one lien claimant and she was entitled to a jury trial in the circuit court, and the denial thereof violated Section 22 of Article I of the Constitution of Missouri. 1945, Mo.R.S.A., but if the instant case is an equitable proceeding, then the magistrate court had no jurisdiction over the cause and the circuit court acquired none by the appeal. Hoover contends, first, that the case is not an equitable proceeding because it involves a single lien claim and the magistrate court and the circuit court on appeal had jurisdiction over the entire cause. At the same time he seems to argue that Mrs. Abell was not entitled to a jury trial in the circuit court. Hoover's second position is that if she was so entitled, the right was waived. These contentions raise several questions which must be considered before determining whether a trial by jury was wrongfully denied. It will be remembered that the trial before the magistrate resulted in a personal judgment against Mrs. Abell and a mechanic's lien on her property, with a finding that the mechanic's lien was prior to the lien of the deed of trust; and that the judgment of the circuit court is identical with that of the magistrate court.
Prior to the enactment in 1911, Laws 1911, p. 314, of what are now sections 3570-3577, R.S.Mo.1939, Mo.R.S.A. §§ 3570-3577, all suits to establish mechanic's liens were regarded as suits at law. Western Brass Mfg. Co. v. Boyce, 74 Mo.App. 343, 355. See Coerver v. Crescent Lead & Zinc Corp., 315 Mo. 276, 285, 286 S.W. 3, 6. *222 The question of whether there was a lien or not was one to be submitted to the jury unless a jury was waived. Brooks v. Blackwell, 76 Mo. 309, 310; Williams v. Porter, 51 Mo. 441, 442; Sosman v. Conlon, 57 Mo. App. 25, 29. Section 3570, R.S.Mo.1939, Mo. R.S.A. § 3570, provides for an equitable proceeding for the adjudication in one suit of all controversies between two or more mechanics' lien claimants and rights of priorities between all claimants of liens and interests. By section 3576, R.S.Mo.1939, Mo. R.S.A. § 3576, such equitable proceeding is made the exclusive remedy as to cases coming within its purview. Section 3572, R.S. Mo.1939, Mo.R.S.A. § 3572, deals with cases where only one mechanic's lien is involved, as in the instant case, and is as follows: "This equitable action shall not apply to instances in which there is only one mechanic's lien claimed against the property and any of it, but in any suit thereon the court shall determine the respective priorities as between such mechanic's lien and any other lien or encumbrance and enforce the same accordingly." In Coerver v. Crescent Lead & Zinc Corp., supra, the court in discussing what is now section 3572, said (315 Mo. loc. cit. 285, 286 S.W. 6) "Since the enactment of this statute one of the purposes of every mechanic's lien suit, where there is only one mechanic's lien claimed on the property and any other lien or incumbrance exists, has been and is to determine the priority of these liens, and to this extent at least the case becomes one in equity. Huggins v. Hill, Mo.Sup., 236 S.W. 1051, loc. cit. 1053." (Italics ours.) See also Fitzgerald v. Schaefer, Mo.App., 216 S.W.2d 939, 941; Major v. McVey, Mo.App., 128 S.W.2d 347, 351; Miners Lumber Co. v. Miller, Mo.App., 117 S.W.2d 711, 716, 717. So, in the instant case, the question concerning the priority of the mechanic's lien over the deed of trust is determinable as a matter in equity, although there is only one mechanic's lien claimed against the property.
Did the magistrate court have jurisdiction over the cause? Section 2925 et seq., Laws 1945, p. 1081, Mo.R.S.A. § 2925 et seq., deal with the jurisdiction, practice and procedure in mechanic's lien actions before magistrates. While these statutes provide that magistrate courts shall have jurisdiction in actions brought to enforce mechanics' liens, as provided by law for enforcing such liens in the circuit court, when the amount involved does not exceed the jurisdiction of magistrate courts in ordinary civil actions, they do not authorize such courts to determine rights of priorities between lien claimants, as counsel for Hoover seem to contend. Section 9, Laws 1945, p. 770, Mo.R.S.A. § 2811.109, which limits the jurisdiction of magistrate courts, provides: "No magistrate shall have jurisdiction * * * of any strictly equitable proceedings." Since these statutory provisions are the same as those which appeared in the statutes relating to justices of the peace, see repealed sections 2925-2933, 2554, R.S. Mo.1939, Mo.R.S.A. §§ 2925-2933, 2554, the decisions construing and applying the latter must be regarded as precedents in determining the jurisdiction of magistrate courts.
Our courts rigidly enforced that part of the statute, R.S.Mo.1939, sec. 2554, Mo.R.S.A. § 2554, which provided that "No justice of the peace shall have jurisdiction * * * of any strictly equitable proceedings." They held that justice courts had no equitable jurisdiction and, therefore, that equitable rights could not be asserted in such courts. Sanders v. Brooks et al., 238 Mo. App. 485, 183 S.W.2d 353; Peycke Bros. Commission Co. v. Sandstone Co-operative Co., 195 Mo.App. 417, 422, 191 S.W. 1088, 1090; Johnson v. Stephens, 107 Mo.App. 629, 634, 82 S.W. 192, 193; McCann v. Sawyer, 59 Mo.App. 480, 482. In Wilson v. Lubke, 176 Mo. 210, 216, 217, 75 S.W. 602, 603, 98 Am.St.Rep. 503; it was held that a justice of the peace had no power to decide that a mechanic's lien was prior to the lien of a deed of trust. The court said: "The justice's jurisdiction extended only to matters relating to the establishment of the mechanics' liens and a judgment against the contractor." Under the statute, the jurisdiction of a magistrate court is in this respect no greater than that of the justice of the peace. It is apparent, therefore, that the magistrate court had no jurisdiction to determine the question of priority in the instant case. If the magistrate court had no jurisdiction over the subject matter of this feature of *223 the case, then the circuit court acquired none; for the jurisdiction of the latter is derivative, not original. Johnson v. Stephens, supra. A court obtains jurisdiction over the subject matter by operation of law; it cannot be based on the consent of the parties. Furthermore, the question of jurisdiction over the subject matter may be raised at any stage of the case in any court, by either court or counsel. Simmons v. Friday, Mo.Sup., 224 S.W.2d 90, 98; United Cemeteries Co. v. Strother, 342 Mo. 1155, 1161, 119 S.W.2d 762, 765; Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 687, 113 S.W. 1108, 1109. For the reasons stated, the judgment is void to the extent that it declares the mechanic's lien to be prior to the lien of the deed of trust.
However, the magistrate court and the circuit court did have jurisdiction to render a personal judgment against Mrs. Abell, and to declare the same to be a mechanic's lien against her property. See statutes cited supra. It has been held that a justice of the peace may rightly retain a case for the trial of issues of law, although equitable relief is demanded, if the pleadings and proof show that the plaintiff is entitled to legal relief which a justice can administer, since the prayer for equitable relief will be treated as surplusage. Holden v. Warren, 118 N.C. 326, 24 S.E. 770; Durham v. Rasco, 30 N.M. 16, 227 P. 599, 34 A. L.R. 838, 35 C.J. § 95, p. 527; 31 Am.Jur. sec. 43, p. 732. In our opinion Hoover's demand that the mechanic's lien be adjudged prior to the lien of the deed of trust should have been treated as surplusage. With that phase of the case eliminated, there was nothing before the magistrate court or the circuit court but an action at law to recover a personal judgment against Mrs. Abell for $439.00, and to establish a mechanic's lien against her property for that amount. See Clark Williams Realty Co. v. Briggs, 164 Mo.App. 104, 148 S.W. 147; Snyder v. Crutcher, 137 Mo.App. 121, 118 S.W. 489. It follows that she was entitled to a jury trial unless a jury was waived. Brooks v. Blackwell, supra; Tallman Co. v. Villmer, Mo.App., 133 S.W. 2d 1085; Goodfellow Lumber Co. v. Blanke, Mo.App., 41 S.W.2d 959.
The last question is whether Mrs. Abell waived her right to a jury trial. After the case was appealed to the circuit court it was listed for trial with the clerk of the Assignment Division and assigned to Division 2. The listing card (omitting the caption) reads in part as follows: "To the Clerk of the Assignment Division * * *: Please list for trial the above case, which is at issue and ready for trial. And we both agree to try when reached. Probable length of trial 1/2 day. The attorney listing the case must sign here: (signed) Hall DeWeese. Service of notice of listing acknowledged this 14th day of April, 1948. (signed) Guy W. Runnion, C. W. Prince, Attorneys for Defendant. * * * This case this day assigned to Division 2. Date 4/14/48. OK B.Broaddus, Presiding Judge." In addition, the card contains the following: "Kindly indicate whether Jury, Contested Court, Jury Waiver, or Default," with a notation in longhand which reads: "Contested CourtMech. Lien." Hoover contends that if Mrs. Abell was entitled to a jury trial, the right was waived when her counsel signed the listing card bearing the notation, "Contested CourtMech. Lien."
Hoover was represented by Hall DeWeese and George V. Aylward, and Mrs. Abell by Guy W. Runnion, C. W. Prince, and Wm. Dennis Bush. It is conceded that Mr. DeWeese served the listing card on Mrs. Abell's attorneys on April 14, 1948, and filed the card with the clerk of the Assignment Division;and that Mr. Prince and Mr. Runnion acknowledged such service by signing the card on that date. As indicated on the card, the case was assigned to Division 2 on April 15, 1948. On April 16, 1948, Mrs. Abell filed in Division 2 a motion to strike the cause from the listing. The motion alleged that the cause was listed for trial out of time, and advanced far ahead of other cases on the docket; and that said listing was unauthorized and in violation of the rules of the circuit court. On the hearing of this motion on April 21, 1948, the clerk of the Assignment Division was called as a witness for Mrs. Abell. He testified that there had been no call for the listing of a jury case or court case bearing the *224 number of the instant case; that on or about April 14, 1948, Mr. DeWeese filed the listing card with him, and told him that the cause was a court case and that Judge John F. Cook in Division 2 had agreed to hear it the following week; that he (the witness) wrote the letters "OK-B" and the name "Broaddus" on the listing card and assigned the cause to Division 2 as a contested court case. The record shows that at the hearing on the motion, Mrs. Abell's counsel took the position that the case was a jury case, and that the listing should be set aside because the case had been listed without a call therefor in violation of Rule 14 of the circuit court. Hoover's counsel insisted that the cause was a "court case" but without stating whether they contended that it was a suit in equity or a jury waived case. The motion was overruled. It should be stated here that the above mentioned damage suit filed in the circuit court by Mrs. Abell on November 12, 1947 is case No. 524611. The instant case was filed in the magistrate court on January 19, 1948, and its circuit court number on appeal is 527168. It appears, therefore, that the higher numbered case was assigned for trial before the lower numbered case by labeling the latter a court case at the time of listing. When the instant case came on for trial in Division 2, the following occurred: "Mr. Bush: If it please the court, we contend this is a jury case. We demand a jury in the case. * * * Mr. Aylward: It is no jury case. * * * It was listed as a court case. * * * It shows on the card it is a court case. It was signed by their office, served on their office. * * * Mr. Bush: Is there any contention we waived a jury by signing the card? The Court: I don't contend anything. I just know the case was listed before me as a contested court case." The request for a jury trial was denied. Counsel for Mrs. Abell offered no evidence and refused to take any part in the trial before the court alone.
Section 98(b), Laws 1943, p. 384, Mo. R.S.A. § 847.98(b), provides: "Parties shall be deemed to have waived trial by jury: (1) by failing to appear at the trial; (2) by filing with the clerk written consent in person or by attorney; (3) by oral consent in court, entered on the minutes; (4) by entering into trial before the court without objection." It is not contended that there was a waiver by the first, third, or fourth methods. Such a contention would be untenable as shown by the facts stated above. The only contention is that the listing card was a "stipulation or agreement" to waive a jury and came within the provisions of subdivision (2) of Code section 98(b). We do not agree.
In the first place, the waiver of a jury trial under section 98(b) (2) must of necessity be an intentional act, and the intention to waive must plainly appear. See 50 C.J.S., Juries, § 90, p. 797; 56 Am.Jur. sec. 15, p. 115. See also State ex rel. Continental Ins. Co. v. Becker, 336 Mo. 59, 68, 77 S.W.2d 100, 105. The listing card did not expressly state that the parties agreed to waive a jury, and in the absence of an express agreement or consent a waiver of the fundamental right of trial by jury will not be presumed or inferred. In 31 Am.Jur. sec. 47, p. 592, it is said: "It is a general rule, since the right of trial by jury is highly favored, that waivers of the right are always strictly construed and are not to be lightly inferred or extended by implication, whether with respect to a civil or a criminal case. Indeed, every reasonable presumption should be made against its waiver." While the words "contested court" appeared on the listing card, the mere acknowledgment in writing of "service of notice of listing" should not be construed as a waiver of a jury trial. Rule 14 of the circuit court, which was introduced in evidence provides that "such listing card shall be served on all opposing parties or their attorneys of record and shall bear proof of such service at the time of filing thereof." The written admission of the fact of service was proof of that fact, but it was not a waiver. True, the card also stated that "we agree to try when reached" but this can hardly be construed as an agreement to waive a jury.
Furthermore, the term "contested court" does not mean a jury waived case, but a contested case in which the parties do *225 not have the right of trial by jury. Of course, the question of a jury waiver can never arise except in a jury case. As heretofore stated, the cause before the circuit court was an action at law to enforce a mechanic's liena jury case. But as stated above, when the case came on for trial and a jury was demanded, Hoover's counsel insisted that the case was not a jury case but a "court" case. Since they took that position at the trial, and also at the hearing on the motion to strike the cause from the listing, it seems clear that they did not have in mind a stipulation or agreement to waive a jury when they wrote the words "contested court" on the listing card, signed the card, and served it on opposing counsel; for an agreement to waive a jury in a nonjury case would be a futile thing. This being true, the present contention that the parties entered into an agreement to waive a jury is untenable. We hold that the listing card was not an agreement to waive a jury and, therefore, that it did not come within the provisions of section 98(b) (2) of the Civil Code. It appearing that Mrs. Abell not only did not waive a jury, but actually demanded one, the denial of a jury trial was error.
It follows from what we have said that the judgment should be reversed and the cause remanded for a new trial, by jury, upon the issues of plaintiff's claim for a personal judgment against defendant Beulah M. Abell, and for a mechanic's lien to enforce the same.
SPERRY, C., concurs.
PER CURIAM.
The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded for a new trial, by jury, on the issues of plaintiff's claim for a personal judgment against defendant, Beulah M. Abell, and for a mechanic's lien to enforce the same.
DEW, P. J., and BROADDUS, J., concur.
CAVE, J., not participating.