Almeida *v.* Sigerson.

ALMEIDA, Appellant, *vs.* SIGERSON, Respondent.

1. A party sued before a justice filed as an off-set an account exceeding the justice's jurisdiction, but attempted to be brought within it by a credit for the amount of the plaintiff's demand. *Held,* this could not be allowed as a set-off.

*Appeal from St. Louis Law Commissioner's Court.*

This action was commenced before a justice on an account for forty-seven dollars and thirty cents. The defendant filed

as an off-set a demand against the plaintiff for one hundred and thirty-seven dollars, upon which there was a credit for the amount of the plaintiff's demand, leaving a balance due of eighty-nine dollars and seventy cents, for which amount the defendant had judgment in the commissioner's court. The plaintiff filed a motion in arrest, which was overruled, and he appealed.

*S. Reber,* for appellant.

*A. M. Gardner,* for respondent.

LEONARD, Judge, delivered the opinion of the court.

The defendant's set-off is founded on an account for $137, which he credits with $47 30, (the amount of the plaintiff's account sued upon,) leaving a balance of $89 70, for which he asked and obtained judgment.

The objection is, that the amount claimed in the set-off exceeds a justice's jurisdiction, which is the same in set-off as in an original suit, and therefore limited, in a case like the present, to a balance of not exceeding ninety dollars.

Although apparently within the words of the statute, the party is in effect sueing in set-off for the whole sum, ($137,) and asking that $47 30 of it may be applied in extinguishment of the plaintiff's debt, and for a judgment for the whole amount claimed in his plea, as the balance ; and it is not, in truth, a cross action by way of set-off for a mere balance of $89 70. If the defence were pleaded in the words of a formal plea of set-off, this would appear plainly enough, as the prayer of the plea would be that so much of the balance ($89 70) now claimed, as should be necessary for that purpose, might be applied in extinguishment of whatever sum should be found due the plaintiff, and for a judgment for the residue, which, according to the words of the plea, would be what remained after a second deduction of the plaintiff's demand.

It is an ingenious enough attempt to evade the statute, but it cannot be allowed to prevail.

The judgment is reversed, and the cause remanded.