THOMAS REED, Respondent, *vs.* THOMAS M. SNODGRASS, Appellant.

1. *Justice's Court—Set-off in excess of jurisdiction not allowed.*—In suit before a justice, defendant cannot introduce proof of set-off on an account which exceeds the jurisdiction of the justice, although by crediting plaintiff's demand upon it the claim is reduced within the limit of the jurisdiction.

2. *Justice—Defense of payment—Statement unnecessary.*—In suit before a justice defendant may prove payment without filing his statement thereof.

*Appeal from Phelps Circuit Court.*

*Pomeroy & Miller*, for Appellant.

*C. C. Bland*, for Defendant.

SHERWOOD, Judge, delivered the opinion of the court.

This was an action instituted before a Justice of the Peace for money had and received to the amount of $120, credited however by the sum of $30 alleged to have been paid, thus reducing the amount within the jurisdiction of the justice, and a judgment was asked for the balance, $90. The defendant filed a set-off amounting in the aggregate to $142.90. Among the items of this account, was one for $30 "loaned" to the plaintiff. The account was credited with cash received the 11th and 24th of Dec. 1869—$120—and the balance which the defendant claims, as due him, was $24.90. The plaintiff in his statement of his cause of action charges the defendant with having received the money, $120, "on or about the 24th day of December, 1869."

On the trial of the cause in the Circuit Court, the plaintiff introduced evidence tending to establish his claim, but the court refused to permit the defendant to support his set-off by testimony, on the ground that such set-off exceeded the jurisdiction of the Justice of the Peace, by whom the cause was originally tried. The defendant excepted, withdrew his set-off, and thereupon offered to adduce testimony tending to show payment of the plaintiff's demand; but this also was denied, on the singular ground that no statement

of payment had been filed before the justice by the defendant, and exceptions to this ruling were also saved. Judgment was then rendered for the plaintiff, and the defendant, after an unsuccessful motion for a new trial, brings this cause here by appeal. As the defendant withdrew his set-off, it is not perhaps necessary to pass upon the correctness of the ruling which refused to admit evidence in its support. If, however, such necessity existed, the decision in the case of Almeida vs. Sigerson, 20 Mo. 497, would seem to resolve any doubt there might be in favor of such ruling. But the Court's action in refusing to admit testimony to show payment of the plaintiff's demand is utterly indefensible. In all proceedings before a justice of the peace, in the absence of any thing to the contrary, the defendant is always presumed to plead the general issue. (2 Greenl. Ev., §§ 135, 516.)

Judgment reversed and cause remanded. All the judges concur.