ALBERT G. BUXTON, Respondent, v. AUGUST F. DEBRECHT, Appellant.

St. Louis Court of Appeals, July 22, 1902.

1. **Counterclaim:** WHEN NOT NECESSARY TO FILE: PRACTICE, TRIAL: JUSTICE COURT. Plaintiff was a contractor for erecting a building for defendant for $1,793. He also did extra work upon the building to the amount of $264.21. During the progress of the work defendant made payments to plaintiff to an amount exceeding both of the above mentioned sums, and he proved that fact in a suit brought before a justice of the peace. *Held,* that it was not necessary for defendant to file set-off or counterclaim to obtain the benefit of said credits on the account for extra work.

2. **Debtor:** CREDITOR: PAYMENTS: MUTUAL CONSENT: PARTIES TO A CONTRACT. Where a debtor makes payments indiscriminately to a creditor to whom he is indebted on two accounts, after the complete payment of one account thereof credits will thereafter be applied to the other account. By mutual consent parties to a contract may respectively pay and receive payment in advance for items thereof, though advance payments may not be demandable as a matter of right.

3. ——: ——: ——. It is competent for parties to a contract to provide by agreement that groceries may be taken in part payment of the contract price, and such a credit may be obtained without filing it as a set-off in a suit on the contract.

4. Referee: EXCEPTIONS TO RULING OF REFEREE: PRACTICE, TRIAL. Where evidence is admitted against objection and exception before a referee, but that ruling is not assigned as error in the exceptions to the report filed in court, the objection is waived and can not be revived for review by being mentioned in a subsequent motion for new trial.

5. Justice's Court: PRACTICE: PLEADING PAYMENT NOT NECESSARY IN JUSTICE'S COURT. Payment is a defense available in an action before a justice of the peace without any written pleading by defendant.

6. ——: NO FORMAL PLEADINGS NECESSARY. No formal pleading by defendant is required in a justice's court except in the instances expressly defined by statute.

7. Compulsory Reference: LONG AND INVOLVED ACCOUNTS: STATUTORY CONSTRUCTION. Where an action involves a long account it is a subject for compulsory reference (R. S. 1899, sec. 698) and in such a case a review upon appeal extends both to the law and the facts of the case.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

REVERSED (*with directions*).

*Bass & Brock* for appellant.

(1) In all cases where the court may, under section 698 (R. S. 1899), on motion of either party, without the consent of the other, or on its own motion, direct a reference, it may review the findings of the referee on the evidence reported, even though the reference is actually made by agreement. State ex rel. v. Hurlstone, 92 Mo. 327; Caruth-Byrnes Hardware Co. v. Walter, 91 Mo. 484; Williams v. Railroad, 153 Mo. 487. (2) In this case, as in a case when a reference

is compulsory, the court may set aside the referee's report in favor of the plaintiff, and find for the defendant on the evidence reported by the referee. Wentzville Tobacco Co. v. Walker, 123 Mo. 662; Williamson v. Railroad, 153 Mo. 487. (3) In this case no counterclaim was filed, but a certain overpayment made on the original contract was set forth in the evidence, and the defendant asked the referee and the court to apply this overpayment to the necessary extent to the payment of the bill for extras according to the undoubted law. The law will apply money thus overpaid as justice and equity require. Benny v. Rodes, 18 Mo. 147; Gantner v. Kemper, 58 Mo. 567; Shortridge v. Pardee, 2 Mo. App. 363; Poulsen v. Collier, 18 Mo. App. 583. (4) The $498 paid by defendant on February 11, 1898, was a substantial overpayment forced out of defendant by the threat of a lien on his property. This overpayment was under compulsion, and the defendant has a right to recover it back or have it applied under the principle in point 3. St. Louis Brewing Ass'n v. St. Louis, 140 Mo. 419; West Lake v. St. Louis, 74 Mo. 47; Wolf v. Marshal, 52 Mo. 167.

*Rassieur & Buder* for respondent.

"Though no formal pleadings are required in justices' courts, yet defendant must, in order to avail himself of a counterclaim or set-off, file a statement thereof with the justice before the trial." Stephens v. Barber Supply Co., 67 Mo. 587; Hayden v. Maher, 67 Mo. App. 434; West v. Freeman, 76 Mo. App. 96; Gantt v. Duffy, 71 Mo. App. 91.

BARCLAY, J.—This action was begun before a justice of the peace to recover the value of a number of items of extra work and labor which plaintiff furnished to defendant in the construction of a building.

The items of account were fifty-nine in number. The amount demanded therefor was $246.21. There was a judgment for plaintiff before the justice for $175.21 with costs, followed by defendant's appeal to the circuit court where the cause was referred by consent of both parties.

Certain facts are admitted on both sides. Plaintiff made a written contract with defendant for the building of a store for the latter in St. Louis for $1,-793. Plaintiff did that work; he also furnished, during the same period, the extra items which form the subject of this suit. Defendant made a number of payments in various ways. The controversy on this appeal concerns these payments.

There was an understanding between the parties (or at least a practice of dealing while the building was going on) that defendant should pay the bills for lumber used in the building to the company which delivered the lumber to plaintiff, and that defendant should have credit for those payments on his account with plaintiff.

Defendant testified (and it was not denied) that he made a number of payments (the particulars of which will be mentioned later) to an amount exceeding the total claim of plaintiff. The latter seeks to repel the effect of those payments by the argument that they were made solely on account of the first written contract, not on account of the "extras" sued for in this action, and, hence, are not maintainable as credits in this case because defendant interposed no set-off or counterclaim before the trial in the justice's court, as provided by sections 3852, 3937 (R. S. 1899).

We shall return again to the testimony, but the foregoing outline seems necessary to introduce the following finding and conclusion of the learned referee, after a full hearing and report:

"Upon the evidence thus adduced I find the facts to be as follows:

"That plaintiff performed all the labor and furnished all the materials mentioned in the itemized account filed as the basis of this suit, aggregating the sum of two hundred and forty-six and twenty-one one-hundredths dollars. ·

"That said labor was properly performed and the prices charged in the itemized account were reasonable at the time the labor was performed and materials furnished.

"Defendant introduced evidence that on the original building contract between plaintiff and defendant, defendant made excessive payments to plaintiff, which should now be allowed defendant as credits against plaintiff's account for extras on which this suit is based.

"From defendant's evidence I find that on said original contract, excessive payments were made by defendant to the sum of seventy and eighty-four one-hundredths dollars.

"No counterclaim was filed by defendant, but I admitted the evidence and allowed defendant credit for the amount of $70.84.

"I therefore find that there is now due plaintiff from defendant, as balance on said account, the sum of one hundred and seventy-five and thirty-seven one-hundredths dollars, with interest from date of the bringing of this suit to the present date at the rate of six per cent, amounting to seventeen and eighty-four one-hundredths dollars.

"In conclusion, I therefore find that there is due plaintiff from defendant the sum of one hundred and ninety-three and one one-hundredth dollars, and that plaintiff is entitled to judgment for such sum and costs."

Defendant duly filed an exception to the finding of

the referee concerning the payments, and asserted that "under the law and the evidence in this cause the referee ought to have found that the defendant did, before the institution of this cause, pay the plaintiff the full amount of his demand for extra work, labor and materials, to-wit, two hundred and forty-six dollars and twenty-one cents."

On that ground the court was asked to set aside the referee's finding. The court, on the contrary, approved the report and accordingly entered judgment for plaintiff for $193.01.

Defendant filed a motion for new trial without avail. Then he took this appeal, after preserving for review the essential facts by bill of exceptions.

1.   Defendant assigns as error a ruling of the referee admitting certain testimony on behalf of plaintiff touching interviews between the parties, in circumstances which defendant insists entitle the admissions then made by defendant to immunity from disclosure as statements looking to a compromise. But in defendant's exception filed to the report no such point of objection to the referee's proceedings is made; nor was any objection whatever then made to any ruling on evidence, although an exception had been duly noted before the referee at the time of the original ruling. An assignment of error, however, appears in the motion for new trial based on the alleged improper admission of the testimony aforesaid. But the objection was too late.

One of the features of a hearing before a referee which the law contemplates he shall report, if required, is his ruling admitting evidence over exception taken. R. S. 1899, sec. 712. Here the referee reported the particular ruling in question, but defendant's formal exception to the report did not challenge the ruling as erroneous, or even allude to it. We consider that the original exception thus became forever lost, and

that it disappeared beyond recall for all purposes of review here.

2.   The main assignment of error argued on this appeal concerns the effect of the credits claimed by defendant, in view of the state of the record.   If those credits were only available to defendant by way of counterclaim or set-off, we must ignore them, for they were not presented in that form before the justice of the peace under sections 3852, 3937, Revised Statutes 1899.   If, on the other hand, those credits may properly be treated as payments on the account in suit, they were admissible as a defense without the formality of any written plea, notice or other step beyond the introduction of proof, in the trial courts where the case has been.   Reed v. Snodgrass, 55 Mo. 180; Rider v. Culp, 68 Mo. App. (St. L.) 527.   No formal pleadings are required to present a defense in a justice's court (R. S. 1899, secs. 3852, 3993), except certain special ones enumerated; for example: claim of title to land, and set-off (R. S. 1899, secs. 3951, 3937).   But payment is not one of these excepted defenses.

Plaintiff's entire claim, stated most favorably, was never greater than as follows:

Contract price of house...................$1,793.00
Commission or profit on lumber bill.........  122.37
Extra items on which this suit is based......  246.21

Total ...........................$2,161.58

Defendant's evidence is that he was to pay the lumber bills directly to the company which furnished the lumber, and that he did so.   The last payment on that account was in February, 1898, at which time plaintiff executed to defendant this receipt:

"Received of August Debrecht $498, in full of all lumber bought and used in his building, on the northeast corner of Lynch and McNair avenues."

Defendant submitted in evidence that voucher along with a number of others. Some of those were paid orders by plaintiff on defendant in favor of the lumber company for various sums; many were simple receipts for money, adding terms like these: "part payment on the building" or, "on account of work done on the house;" or, "on account of work done on building." The total of the amounts included in receipts of the class just quoted is $600.

Defendant testified further that plaintiff agreed to accept, and did accept, part payment of his original account in groceries from the store kept by defendant. Plaintiff did not deny that agreement or any of the transactions shown by the receipts.

The referee's report contains the following admission at the end of the testimony, which discloses these credits:

"It was admitted by plaintiff on the trial before the referee that defendant paid Mr. Buxton in cash and groceries $1,041, and that he paid the lumber companies, on plaintiff's order, $1,298, making a total of $2,339."

It was competent for the parties to provide by agreement that groceries should be taken in part payment of the plaintiff's claim for work and labor on the building. Rider v. Culp, 68 Mo. App. (St. L.) 527. The other credits consist of direct payments in money, either to plaintiff or to the lumber company at plaintiff's request. The total amount thereof is $2,339, while the entire account of plaintiff never exceeded $2,161.58. The idea of plaintiff, and seemingly of the learned referee, appears to be that these payments are not applicable to the extra work sued for in this case, but can only be applied to the debt due on the first contract, which was $1,793. But what, the investigator of the merits naturally asks, is to be done

with the payments by defendant to plaintiff when the debt due on the original contract is discharged?

Plaintiff's testimony is that "the extra work was done from time to time during the progress of the building." Payments to the extent at least of $600 were received by plaintiff on the general account of the building, as his receipts for that amount declare. The debtor, the defendant, did not make a specific application of those payments to the extra work. But that omission did not give plaintiff the right to transform money received by him with the purpose of discharging some debt into a gift after the original contract was discharged, leaving the claim for extra work as an unpaid obligation of the defendant. Here we do not have to consider the rights of any third parties—only those of the parties to the case.

We take one rule governing the application of payments to be that, where a debtor owes his creditor upon two accounts and continues payments to him indiscriminately, the creditor on receiving payment of one account in full may not treat the further payments as gifts, but will be held bound (in the absence of some other agreement) to apply them to the remaining account.

The evidence which proves these payments by defendant is not disputed. On the contrary its truth is expressly admitted. The amount of plaintiff's original claim is not contested. Plaintiff is certainly not at liberty to assert a demand for "extras" in this suit and refuse to apply $246.22 of the $600 received by him on general account of the building, to discharge those "extras." The dates when the items of "extras" became due does not appear further than that the work they represent was done during the progress of building. By mutual consent it was entirely proper, if the parties so elected, to pay and to accept payment for those items in advance, though advance pay-

ment could not, of course, be demanded as of right in the absence of agreement therefor. The idea that after defendant's payments reached beyond the point of discharging the debt on the original contract they could not be applied to pay the extras, is ingenious but it is highly artificial. There is neither equity nor law in the contention. We are sure that neither the learned referee nor the painstaking and alert trial judge would have given any countenance to it but for some impression they evidently received of the necessity for the presentation of those credits (to which defendant is obviously entitled) in the form of a counterclaim or set-off filed before the justice of the peace. That view is not correct, as we have attempted to demonstrate.

3. In the foregoing commentary we have accepted the theory of defendant that an action involving a long account, and therefore a matter for compulsory reference (R. S. 1899, sec. 698), may be reviewed on appeal both as to the law and the facts. We consider that proposition settled by authority which is binding upon this court. Const. Amendt. 1884, sec. 6; Carruth-Byrnes Co. v. Wolter, 91 Mo. 484; Williams v. Railway, 153 Mo. 487; Roth v. Wire Co., 94 Mo. App. (St. L.) 236, 68 S. W. 594.

The finding of the referee was erroneous in regard to the amount of credit defendant should have. It should not have been approved. The judgment for plaintiff should be reversed and the cause remanded with directions to sustain the exception to the report, to enter a finding for defendant on the facts reported and to render judgment thereon. It is so ordered. *Bland, P. J.*, and *Goode, J.*, concur.