JOHNSON, Respondent, v. STEPHENS, Appellant.

St. Louis Court of Appeals, July 5, 1904.

1. **JUSTICES OF THE PEACE: Jurisdiction.** Under section 3837 of the Revised Statutes of 1899, jurisdiction of equitable actions is denied to justices of the peace, and the circuit court, on appeal from a justice's court, acquires no jurisdiction over the subject matter of the suit where the justice had no jurisdiction.

2. **PLEADING: Complaint: Action at Law.** The plaintiff alleged in his complaint that he had executed a mortgage on his premises to secure a note payable to defendant and that interest on the note and taxes on the lot had accrued and he was unable to pay either, that he conveyed to the defendant the property with a verbal understanding that the defendant should sell the property and, after reimbursing himself for the debt and interest

and all taxes ne might pay, if any balance remained, he would pay it to the plaintiff, that defendant did sell the property and, after deducting the debt and taxes, there remained a balance for which the plaintiff asked judgment. *Held*, the complaint stated a cause of action at law

3. ——: ——: ——: **Equity.** Where the complaint thus stated an action at law and the evidence supported the complaint, it was error, for the trial court to permit a recovery on the theory that the defendant was liable to the plaintiff on an accounting for rents, etc., as mortgagee in possession, thus submitting to the jury purely equitable issues.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee*, Judge.

REVERSED AND REMANDED.

*O. S. & G. M. Callihan* for appellant.

(1) This action being for an accounting, is purely an equitable proceeding, of which the justice of the peace before whom it was brought, had no jurisdiction; and the right of the circuit court to hear and determine the matters involved, being derivative, and not original, it acquired no jurisdiction on appeal. Seeser v. Southwick, 66 Mo. App. 671; Miller v. Life Ins. Co., 68 Mo. App. 19. (2) Such want of jurisdiction is not waived by the appearance of defendant, as it is not the jurisdiction of the person but of the subject-matter that is wanting, and that defect may be taken advantage of at any stage of the proceedings; even in the appellate court. White v. Railroad, 72 Mo. App. 400; Bank v. Kent Doak, 75 Mo. App. 332.

*T. L. Montgomery* for respondent.

(1) The cause of action is legal and not equitable and the justice of the peace had jurisdiction thereof. The court tried the case before a jury and submitted the issues raised by the pleadings on instructions asked by plaintiff and defendant, on the theory that the de-

fendant was a mortgagee in possession of the property. Then even if the case was foreclosure under our statute and under the construction placed thereon by our courts it is a statutory and legal action and the case was properly tried as a case at law. R. S. 1889, sec. 4342; Smith v. Finn, 77 Mo. 500; Thayer v. Campbell, 9 Mo. 167. (2) In construing the very statute here in question, above cited, our courts have departed from this doctrine and held that the defense may be made under the statute before a justice of the peace. That cases involving that doctrine are not "strictly equitable" and justices of the peace have jurisdiction to hear and determine them. Pitman v. Mining Co., 78 Mo. App. 440.

STATEMENT.

After the appeal was taken to this court, William W. Johnson, respondent, departed this life intestate. The suit has been revived in the name of his administrator, Robert Johnson, who has entered his appearance to the suit in this court. The action was commenced before a justice of the peace and was taken to the circuit court by appeal from the judgment of the justice. On a trial *de novo* in the circuit court, the verdict of the jury was for the plaintiff and judgment was rendered on the verdict. Defendant appealed.

The petition and the evidence offered by plaintiff show the following state of facts: In July, 1897, William Johnson borrowed of the defendant seven hundred dollars for which he gave defendant his promissory note due five years after date, with interest from date at the rate of eight per cent per annum, payable annually and if not paid to become a part of the principal and bear the same rate of interest. To secure the note Johnson executed and delivered to defendant a deed of trust on a lot in the city of Kahoka, Clark county, Missouri, on which lot was a livery barn. On June 18, 1900, Johnson having failed to pay any interest on the note

or the State, county and city, taxes, which had accrued after the execution of the deed of trust on the livery barn, and being unable to pay either, it was verbally agreed between Johnson and defendant that Johnson would convey the mortgaged property to defendant; that defendant would pay the back taxes and surrender the note and enter satisfaction of the deed of trust and would sell the property when he could and after reimbursing himself for his debt and interest, and for all taxes that he might pay, if any balance remained, he would hand it over to Johnson. In pursuance of the agreement, Johnson and wife executed and delivered to defendant an unconditional deed conveying to him the mortgaged property. Defendant accepted the deed, satisfied the deed of trust and surrendered it together with the note to Johnson and then took possession of the livery barn and rented it for three or four months at five dollars per month and then rented it from January 1, 1901, to January 1, 1902, in consideration of certain necessary repairs to be made to the barn by the lessee. After the repairs were made, defendant sold the barn for one thousand dollars. On the date the deed to the barn was made by Johnson to defendant, the debt and taxes against the property aggregated nine hundred dollars. The suit was to recover one hundred dollars alleged to be due under the verbal contract of January, 1900, between Johnson and defendant, being the difference, as alleged by plaintiff, between what was due to defendant and the amount for which he sold the property.

BLAND, P. J. (after stating the facts).—The evidence of plaintiff shows conclusively that the defendant did not enter into a personal obligation to pay him any sum of money whatever. The understanding was that defendant should pay plaintiff any surplus that might remain from the sale of the livery barn, thereafter to be made, after deducting the debt and interest

due defendant and taxes due and to become due that he might pay.

Johnson's evidence shows that, notwithstanding he made an unconditional conveyance of the livery barn to the defendant, he retained an equity therein. This equity was the right of Johnson to call on defendant to account for the proceeds of the sale of the property, whenever made, and if there was a surplus, after deducting what would reimburse himself, to require defendant to pay over such surplus to plaintiff. This surplus would represent Johnson's equity in the property, and though the complaint states a cause of action at law the instruction given for plaintiff (quoted below) submitted to the jury purely equitable issues and was based upon plaintiff's evidence:

"The court instructs the jury that if you believe and find from the greater weight of the evidence that plaintiff and defendant at the date of the execution of the deed, to-wit, June 8, 1900, entered into an agreement by which defendant was to have the possession of the livery stable named in the petition, and that the stable was to be sold and the plaintiff paid the balance after defendant was paid his money and interest, you are instructed that defendant became and was a mortgagee in possession of the property, then as such he would properly be charged with the reasonable value of the rents and profits of said premises during the time he so held possession thereof. Then you will find the amount of the note at the date of the sale, to-wit, October 10, 1901, the amount of taxes paid by defendant, also the amount of insurance paid by defendant. From the amount of the note at date of sale and the insurance and taxes you will deduct the rents and profits you may so find to be reasonable under the evidence in this case and this amount you will deduct from one thousand dollars and this remainder, if any, you will find for the plaintiff."

Jurisdiction of equitable actions is denied to justices of the peace. Section 3837, R. S. 1899; Miller v. Ins. Co., 68 Mo. App. 19; Sandige v. Hill, 70 Mo. App. 71. The only jurisdiction acquired by the circuit court, on appeal from a justice's court, over the subject-matter of a suit is the jurisdiction which the law confers upon the justice. If, therefore, the justice had no jurisdiction, the circuit court acquired none by the appeal to try the cause as an equitable one. Miller v. Ins. Co., supra; Seeser v. Southwick, 66 Mo. App. 1. c. 667.

The complaint states an action at law, and the evidence of plaintiff supported the complaint. But if the suit is to be tried as one at law there can be no accounting for rents, etc., and the plaintiff must recover, if at all, upon the promise of the defendant to pay him the sum he sold the premises for in excess of his debt and interest due from Johnson at the date of the conveyance from Johnson to defendant plus all the taxes paid by defendant on the premises.

Judgment reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.