AUGUST J. C. RUCKERT, Appellant, v. ANTON RICHTER et al., Respondents.

Kansas City Court of Appeals, January 6, 1908.

1. **JUSTICES' COURTS: Jurisdiction: Record: Subject-Matter.** The jurisdiction of an inferior court over the subject-matter of the suit must affirmatively appear on the face of the record or its judgment must be treated as a nullity even in a collateral proceeding.

2. ———: ———: **Evidence: Judicial Notice.** Courts will take judicial notice that Cole county has less than fifty thousand inhabitants and that the jurisdiction of its justices of the peace is determined by section 3835, Revised Statutes of 1899, and not by section 3836.

3. ———: ———: **Record: Judgment on Note.** The record of a justice of the peace in an action on a promissory note is examined and held insufficient to show jurisdiction, since it nowhere appears that the amount of the principal came within the jurisdiction of the justice.

Appeal from Cole Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*A. M. Hough* for appellant.

(1) No error or irregularity of a justice of the peace can affect the judgment rendered by him, but such judgment is valid and binding until reversed on error or by appeal or set aside in a direct and appropriate proceeding for that purpose. It cannot be attacked or vacated in a collateral proceeding. Fulkerson v. Davenport, 70 Mo. 546; Shubach v. McDonald, 179 Mo. 182; Leonard v. Sparks, 117 Mo. 110; Reed Bros. v. Nicholson, 158 Mo. 631; Ellis v. Jones, 51 Mo. 186; Hardin v. Lee, 51 Mo. 244. (2) The notice of the justice to the plaintiff and defendants of the setting of the case for trial was proper and sufficient under the rulings of the courts and if erroneous or irregular

could only be corrected on appeal. Cullerl v. Collison, 110 Mo. App. 174; Fry v. Armstrong, 109 Mo. App. 482; R. S. 1899, sec. 672, subs. 1-2-5 and 13; Bick v. Wilkerson, 62 Mo. App. p. 32 and 33. (3) The justice did not lose jurisdiction of the case by the indefinite continuance. Shanklin v. Francis, 67 Mo. App. p. 465; R. S. 1899, sec. 3992; R. S. 1899, sec. 4031; R. S. 1899, sec. 672, subs. 1-2-5 and 13; Hunt v. Searcy, 167 Mo. 170. (4) The record recites that defendants were "duly notified" by the justice. This fact affirmatively appearing from the record it is not open to collateral attack, nor can it be questioned by matter *in pais*. Lingo v. Burford, 112 Mo. 149; Leonard v. Sparks, 117 Mo. 110; Reed Bros. v. Nicholson, 158 Mo. 631. (5) When once summoned, a party to a cause is in court and he must take notice of what is done therein up to final judgment. Jackson v. Fulton, 87 Mo. App. 237; Parker v. Johnson, 22 Mo. App. 519; Wilson v. Russler, 91 Mo. App. 274; Roberts v. Improvement Co., 126 Mo. 469.

*W. S. Pope & C. Waldecker* for respondents.

(1) Freeman on Judgments (4 ed.), sec. 526, states the rule to be: "A justice who adjourns a cause without specifying the hour of the day, or the place to which it is adjourned, thereby loses jurisdiction over the parties, and a judgment subsequently rendered by him is invalid." Crandal v. Bacon, 20 Wis. 639; Brown v. Kellogg, 17 Wis. 475; Robberts v. Warren, 3 Wis. 736; Murfree's Justices, sec. 470; Cowen's Treatise (5 ed.), sec. 1207; Kelly's New Treatise, secs. 99-102; Bersch v. Schneider, 27 Mo. 101. (2) There is nothing in the record to show that the respondents had any notice of the action of the justice. Wade on Law of Notice (2 ed.), secs. 1147, 1164, 1171, 588, 1162; Tibb's Practice, sec. 753; Kelly's New Treatise, sec. 102; Reinhardt v. Varney, 72 Mo. App. 646;

Ruckert v. Richter.

Ray County v. Barr, 57 Mo. 290; Catten v. Weightman, 51 Mo. 432; George v. Middeau, 62 Mo. 549. Where notice is required, and no other mode prescribed, personal notice is understood and must be in writing. Wade on Law of Notice (2 ed.), 1147; Corneli v. Partridge, 3 Mo. App. 575; Ryan v. Kelley, 9 Mo. App. 396; R. S. 1899, secs. 586-7-8-9 and 590. (3) The judgment was rendered for an amount exceeding the jurisdiction of a justice, so far as the record discloses. Jurisdiction must appear on the face of the record, in justices' courts, or the judgment is void. Kelly's New Treatise, sec. 20, 129; Freeman on Judgments (4 ed.), secs. 525-27; Black on Judgments (2 ed.), sec. 936; Allen v. Scharringhausen, 8 Mo. App. 229; Gideon v. Hughes, 21 Mo. App. 528; Olin v. Zeigler, 46 Mo. App. 193. (4) The statement by appellant that the suit was upon a note for $200 nowhere appears upon the record before this court. York v. Robberts, 8 Mo. App. 140; Werz v. Werz, 11 Mo. App. 26; Fischer v. Davis, 27 Mo. App. 321; Edmonson v. Kite, 43 Mo. 176; Shell v. Leland, 45 Mo. 289; Iba v. Railroad, 45 Mo. 469; Corrigan v. Morris, 43 Mo. App. 456.

JOHNSON, J.—Plaintiff recovered judgment against defendants in an action on a promissory note brought before a justice of the peace in Cole county, had execution issued by the justice which was returned "not satisfied," filed a transcript of the judgment in the office of the clerk of the circuit court and had execution issued thereon. On motion of defendant presented to the circuit court, the execution was quashed and the cause is brought here by plaintiff on appeal from the judgment entered on the motion.

The material part of the transcript of the judgment rendered by the justice is as follows: "On 28th day of August, 1900, issued a writ of summons, against the defendants, returnable on the 11th day of September,

1900, at 10 o'clock a. m., and deliver the same to G. A. Smith, constable of Jefferson township, in said county and State, on the 1st day of September, 1900, the said writ having been returned, duly served upon defendants as follows, by reading the within writ to Anton Richter on the 31st day of August and leaving a true copy of this writ with one of the family of Peter Schwaller, over the age of fifteen years, the 1st day of September, 1900, in Jefferson township, Cole county, Missouri, and the cause coming on to be heard, now to-wit: 11th day of September, 1900, comes the plaintiff, by his attorney, A. M. Hough, and the defendants in person and by their attorneys, Waldecker, Pope and Belch, the attorneys for defendants, file their written motion for bond for costs which is sustained and the cause continued at cost of plaintiff, to allow plaintiff to give required bond, the above cause having heretofore been continued by the justice at his pleasure, was by the justice, on the 19th day of August, 1905, set for trial on the 30th day of August, 1905, and the parties, plaintiff and defendants, by their respective attorneys, duly notified by the justice that said cause was set for trial on said 30th day of August, 1905, and on said 30th day of August, 1905, said cause coming on for trial and the plaintiff appearing by his attorney, but the defendants, although duly notified, come not, but make default; and this suit being founded upon a note, signed by the defendants, and the justice having ascertained the amount due from defendants to plaintiff on said note, to be the sum of three hundred and thirty-seven and 95-100 ($337.95) dollars, it is ordered and adjudged by the justice that the plaintiff recover of the defendants said sum of three hundred and thirty-seven and 95-100 ($337.95) dollars, together with his costs in this behalf expended, and have therefor execution."

It is the contention of defendants that the record "discloses that the justice had no judisdiction over the

persons of defendants when the judgment was rendered and fails to show affirmatively that he had jurisdiction over the subject-matter of the suit." We do not find it necessary to decide the question of whether the justice had jurisdiction over the persons of defendants at the time he rendered judgment in view of the conclusion we have reached that the judgment must be pronounced void on the ground that the record of the justice fails to show affirmatively that he had jurisdiction over the subject-matter. No rule is more firmly established than that the jurisdiction of an inferior court over the subject-matter must affirmatively appear on the face of the record. If it be not thus shown, the judgment rendered by the inferior court must be treated as a nullity and may be attacked in a collateral proceeding. [York v. Roberts, 8 Mo. App. 140; Werz v. Werz, 11 Mo. App. 26; Fisher v. Davis, 27 Mo. App. 321; Edmonson v. Kite, 43 Mo. 176; Schell v. Leland, 45 Mo. 289; Iba v. Railroad, 45 Mo. 469; Corrigan v. Morris, 43 Mo. App. 456.] Section 3835, Revised Statutes 1899, provides that "justices of the peace shall have original jurisdiction in all civil actions and proceedings for the recovery of money . . . when the sum demanded, exclusive of interests and costs does not exceed $250."

We shall take judicial notice of the fact that Cole county, at the time of the proceedings in question, had less than fifty thousand inhabitants and, consequently, that the jurisdiction of the justice of the peace in that county is controlled by section 3835, and not by section 3836, which applies to counties or cities having over fifty thousand inhabitants.

The record of the justice recites that the suit is founded on a note, but fails to state the amount of the principal, or that the note stipulated for the payment of interest and, for aught disclosed, the entire amount of the judgment rendered might have been for the face of the note exclusive of any interest. If, in an effort to

give to the recitals of the record the most liberal construction permissible, we should assume that simple interest was computed at the legal rate from the time of the filing of the suit, still the record would fail to show that the principal of the obligation was within the jurisdiction of the justice. Certainly, we would not be justified in indulging in the presumption that the judgment included interest which had accrued at the time of the commencement of the suit. To do this would be to ignore the rule that the proceedings must disclose affirmatively the jurisdictional facts and to say that such vital defects may be remedied by presumptions based on conjecture and which may be wholly at variance with the actual facts.

The learned trial judge committed no error in sustaining the motion to quash and, accordingly, the other judges concurring, the judgment is affirmed.