LOUISE BUCHHOLZ, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, July 5, 1913.

1. **JUSTICES' COURTS: Powers and Jurisdiction.** A justice's court is an inferior tribunal and possesses only such powers and jurisdiction as are conferred upon it by statute.

2. ————: Jurisdiction of Circuit Court on Appeal. Where a justice does not possess jurisdiction of a case, in the first instance, the circuit court does not acquire jurisdiction on appeal, since the jurisdiction of the latter court is purely derivative and is dependent upon that of the justice.

3. INSURANCE: Damages for Vexatious Refusal to Pay: Nature of Recovery. A recovery, under Sec. 7068, R. S. 1909, of ten per cent damages and a reasonable attorney's fee, on account of the vexatious refusal of an insurance company to pay a loss, is in the nature of punitive damages.

4. ATTORNEY AND CLIENT: Attorney's Fee: Costs. Attorney's fees cannot be allowed as costs in a case except where there is an express statute to that effect.

. JUSTICES' COURTS: Jurisdiction: Amount in Controversy: Costs. Sec. 7068, R. S. 1909, provides that, if it appears, in any action on an insurance policy, that the defendant has vexatiously refused to pay the loss, the court or jury, in addition to the amount thereof and interest, may allow plaintiff damages not exceeding ten per cent on the amount of the loss and a reasonable attorney's fee. Held, that the damages and attorney's fee thus provided for are in the nature of punitive damages and are not costs, and hence a justice has no jurisdiction where the amount of damages and attorney's fee claimed, on account of the refusal of insurer to pay, when added to the amount claimed under the policy, exceeds the amount prescribed by statute as the limit of justices' jurisdiction.


Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*Nathan Frank, Richard A. Jones* and *Louis B. Sher* for appellant.

(1) The verdict and judgment are against the law because the circuit court of the city of St. Louis had no jurisdiction to try this case—the case having originated in justice court, and plaintiff seeking to recover $500 and 10 per cent of the same as damages, and a reasonable attorney's fee for vexatious refusal to pay, such justice of the peace court had no juris-

176 Mo. App. 30

diction to try the case. Sec. 7615, R. S. 1909. (2) The statutory damages of 10 per cent and a reasonable attorney's fee provided by Sec. 7068, R. S. 1909, are not costs contemplated by the statute as such are not ordinary statutory costs which follow and are naturally incident to litigation. Bay v. Trusdell, 92 Mo. App. 377; St. Louis v. Meintz, 107 Mo. 611. (3) Damages and attorney's fees form a part of the principal amount in controversy between the parties and are to be added to the technical principal sued for in determining the jursdiction of the court. Ency. Pl. and Pr. 715; Baxter v. Bates, 69 Ga. 587; Almand v. Almand, 22 S. E. 213; Railroad v. Gregory, 59 S. W. 310. (4) The amount claimed and demanded, and not the amount recoverable, determines the jurisdiction of a justice of the peace. McAffrey v. Richards, 59 S. W. 1064; Ashworth v. Harper, 95 Ga. 660; Rimes v. Williams, 25 S. W. 685. (5) Justices have only such jurisdiction as is expressly given by statute. State ex rel. v. Hopkins, 87 Mo. 519; Brownfield v. Thompson, 96 Mo. App. 340.

*James J. O'Donohoe* for respondent.

(1) Damages and attorney's fees are not to be considered in determining the jurisdiction of the justice, for the same are treated as costs. Cohn and Pelz v. Railroad, 227 Mo. 369; Ins. Co. v. Corbett, 69 Kan. 564; Railroad v. Evans, 46 Miss. 785; Jackson v. Whitfield, 51 Miss. 202; Ward v. Scott, 57 Miss. 826; Kiernan v. Germaine, 62 Miss. 75; Hedgecock v. Davis, 64 N. C. 650; Hildebrand v. Moving & Repairing Mach. Co., 27 S. W. 826; Somner v. Compton, 100 Pac. 289; Davis v. Jones, 109 Ala. 418; Spiesberger v. Thomas, 59 Iowa, 606; Rosvelt v. Hanold, 65 Mich. 414; 11 Cyc. 24, 106; 2 Words & Phrases, 1633. (2) It is too late to question the jurisdiction of the justice. Wissman v. Meagher, 115 Mo. App. 88.

NORTONI, J.—This is a suit on a policy of life insurance. Plaintiff recovered and defendant prosecutes the appeal. The suit originated before a justice of the peace in the city of St. Louis, and found its way by appeal to the circuit court, from which the present appeal is prosecuted.

The policy is in the amount $500. By the statement filed before the justice of the peace, this policy is declared upon, and a recovery prayed thereon for the amount of $500, together with interest on such amount in the sum of $21.25. In all, the amount of the policy and interest is $521.25. The statement further prays for a recovery of ten per cent damages allowed by our statutes as for a vexatious refusal to pay in such cases—that is, for the sum of fifty dollars on that score, and, in addition, as further damages under the same statute for vexatious refusal to pay, the sum of $100 as attorney's fees. The total sum prayed for therein amounts to $671.25.

By the verdict and judgment given in the circuit court, plaintiff was awarded the full amount prayed for according to the items set forth in the statement of her cause of action, amounting in all to $671.25.

It is urged the court was without jurisdiction to proceed in the matter, for the reason the amount sued for exceeded the jurisdiction of the justice of the peace, where the cause originated. The court of a justice of the peace is an inferior tribunal, possessing only such powers and jurisdiction as are conferred thereon by statute. It is authorized to proceed only within the confines of its jurisdiction marked out and defined by the statute. [State ex rel. Gordon v. Hopkins, 87 Mo. 519; Brownfield v. Thompson, 96 Mo. App. 340, 70 S. W. 378.] The statute confers jurisdiction on justices of the peace in the city of St. Louis with respect to such suits as that involved here, when the sum demanded, exclusive of interest and costs, does not exceed $500. [See Sec. 7615, R. S. 1909.] It is

entirely clear that the sum sued for here, exclusive of interest and costs, exceeds by far the jurisdiction of the justice. Of course, if the justice was without jurisdiction in the first instance, the circuit court possessed none on appeal, for the jurisdiction of the latter is purely derivative and depends upon that of the justice. [See Brownfield v. Thompson, 96 Mo. App. 340, 70 S. W. 378.]

No one can doubt that the justice possessed jurisdiction to the amount of the policy—that is, $500 and the interest thereon—and it was competent, too, for that court to give judgment for the costs of the suit. But it is urged by plaintiff that so much of the cause of action declared upon and the relief prayed for in her statement as accrues under the statute on account of the vexatious refusal to pay—that is, ten per cent of the claim, or fifty dollars, and $100 to compensate the attorney's fees—should be regarded as costs and therefore within the jurisdiction of the justice. But we are not so persuaded. There can be no doubt that, when the statute allows an additional recovery designed to compensate the outlay in litigation and declares such recovery to be as costs, it is proper for the court to treat such additional recovery as costs in the case. This is the principle reflected in Cohn v. St. Louis, I. M., etc., R. Co., 227 Mo. 369, 131 S. W. 881. Such is the rule of Alliance, etc., Ins. Co. v. Corbett, 69 Kan. 564, relied upon by plaintiff, for there the Kansas statute involved authorized the allowance of a reasonable sum as an attorney's fees "to be recovered as a part of the costs," and the court put the judgment expressly on that ground. But though such be true, when the statute allowing such additional recovery appears on its face to be penal in character and denominates the additional recovery awarded as damages, it should be so regarded, for the subject-matter is one peculiarly within the province of the lawmakers. [See Jones v. Prudential Life Ins. Co.,

173 Mo. App. 1, 155 S. W. 1106; Gulf & I. Ry. Co. v. Gregory, 59 S. W. (Tex.) 310.]

Our statute on which the present claim predicates is as follows:

"In any action against any insurance company to recover the amount of any loss under a policy of fire, life, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not exceeding ten per cent on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." [Sec. 7068, R. S. 1909.]

By the express provision of this statute, the amount of ten per cent and a reasonable attorney's fee are to be allowed, if it appears the defendant has vexatiously refused to pay the loss. Such allowance is "in addition to the amount" of the policy and interest and as "damages." As we have heretofore said, the recovery thus authorized is in the nature of punitive damages. [See Jones v. Ins. Co., 173 Mo. App. 1, 155 S. W. 1106.] There is no word in the statute suggesting that such recovery is to be taxed as costs in the case, but rather it inheres in the cause of action in addition to the principal sum recoverable at common law as enhanced damages, savoring, it is true, of penalty for the vexatious conduct, but, nevertheless, to compensate such outlay as may be entailed by the insurance company in causing the litigation to be prosecuted. [See Read v. Chelmsford, 16 Pick. 128; Reed v. Northfield, 13 Pick. 94; Ellis v. Whitlock, 10 Mo. 781-783.] Moreover, it is well settled in this State that attorney's fees cannot be allowed as cost in any case save where there is an express statute to that effect. [See St. Louis v. Meintz, 107 Mo. 611; Waters v. Waters, 49 Mo. 385.]

It is entirely clear that the justice of the peace was without jurisdiction in the premises. This being true, the judgment should be reversed and the cause remanded with leave to plaintiff to enter a nonsuit and proceed in the proper court, if she be so advised. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.