## J. S. GUHMAN, Respondent, v. R. H. DUNAWAY, Appellant.

**St. Louis Court of Appeals, June 2, 1914.**

1. **JUSTICES' COURTS: Jurisdiction: Record.** It is essential, in a case instituted in a justice's court, that the jurisdictional facts appear on the face of the record, as no intendments or presumptions obtain in aid of its jurisdiction.

2. ————: **Appeal to Circuit Court: Jurisdiction.** Where a justice of the peace has no jurisdiction of a case, the circuit court acquires none on appeal.

3. ————: **Jurisdiction: Action on Account.** Under Secs. 7412 and 7413, R. S. 1909, the account filed in a justice's court, in an action on an account, is the foundation of the action, and is to be looked to for the purpose of determining whether the justice has jurisdiction.

4. ———: ———: ———. An action on an itemized account totalling $500.16, exclusive of interest, without any credit or remission of any sum, is not within the jurisdiction of a justice of the peace of the city of St. Louis, in view of Sec. 7615, R. S. 1909, limiting the jurisdiction of such justices to demands not exceeding $500, exclusive of interest and costs.

Appeal from St. Louis City Circuit Court.— *Hon. Eugene McQuillin*, Judge.

REVERSED.

*Frank A. C. MacManus*, for appellant.

*Jos. Block*, for respondent.

NORTONI, J.—This is a suit on an account. Plaintiff recovered and defendant prosecutes the appeal.

The case originated before Robert C. Grier, justice of the fifth district of the city of St. Louis, and on a trial there the finding and judgment were for defendant. Plaintiff appealed from the judgment of the justice to the circuit court, where, on a trial anew, the finding and judgment were in his favor in the amount of $490.16.

The suit is on an itemized account. There are twenty-one separate items in the account sued upon, covering a period from June, 1907 to May 26, 1908. The several items of the account, when added together, foot up the total amount of $500.16, exclusive of interest. It is obvious the justice of the peace was without jurisdiction over the subject-matter of the suit, for the jurisdiction of that tribunal in the city of St. Louis is limited by the statute (Sec. 7615, R. S. 1909) in such cases to demands not exceeding $500, exclusive of interest and costs. It is well settled that the jurisdiction of a justice of the peace must affirmatively appear on the face of the record, as no intendments or presumptions obtain in aid of such

inferior courts possessing limited and statutory juris-
diction only. [See Ruckert v. Richter, 127 Mo. App.
664, 106 S. W. 1081; Severn v. St. Louis, etc. R. Co.,
149 Mo. App. 631, 129 S. W. 477; Buccholz v. Ins.
Co., 176 Mo. App. 464, 158 S. W. 451.] And if the
justice of the peace is without jurisdiction in a par-
ticular case, the circuit court acquires none on ap-
peal therein, for the jurisdiction of the latter is purely
derivative and dependent upon the jurisdiction of
the justice. [See Brownfield v. Thompson, 96 Mo.
App. 340, 70 S. W. 378; Johnson v. Stephens, 107 Mo.
App. 629, 82 S. W. 192; Buccholz v. Ins. Co., supra.]

The sole and only statement of plaintiff's cause
of action in the instant case is the itemized account
above referred to, which reveals a demand for judg-
ment on twenty-one separate items, which, when
added together, constitute the sum total of $500.16.
There appears no credit on this account whatever,
and upon reading the entire record, it appears no
credit of any kind on any part of this account was
given in evidence in any manner. Nothing was filed
to remit any portion of it. Neither the summons
issued by the justice nor an abstract of it is incor-
porated in the record before us, and it does not ap-
pear that the amount demanded therein is in any wise
different from the sum total of the amounts demand-
ed in the account sued upon. No presumptions in
favor of the jurisdiction of the justice may be in-
dulged. It nowhere appears in the record of the jus-
tice that the amount demanded is less than $500.16
—that is, the sum total of the twenty-one items in
the account.

Section 7412, R. S. 1909 requires the instrument
sued on or a statement of the account, if the suit be
on account, as here, to be filed as the foundation of
the action. Section 7413 requires, in cases of this
character, founded upon an account, that a bill of
items shall be filed, as was done here. Such account

constitutes the foundation of the action under the express terms of the statute, and is to be looked to in the matter of determining the question of jurisdiction over the subject-matter. [See Rechnitzer v. Vogelsang, 117 Mo. App. 148, 151, 93 S. W. 326.] Though it be the amount of the account here sued upon exceeds by sixteen cents only the jurisdiction of the justice, it nevertheless repels the power of the court over the subject-matter of the action, for the statute so provides.

The judgment should be reversed and the cause dismissed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.