Vance v. McHugh.

---

J. W. VANCE, Respondent, v. THOMAS McHUGH, Appellant.

St. Louis Court of Appeals, February 2, 1915.

1. JUSTICES' COURTS: Jurisdiction of Circuit Court on Appeal: Amount in Controversy. The circuit court, on appeal from a justice's court, has no jurisdiction of a set-off for an amount in excess of the justice's jurisdiction, since the jurisdiction of the circuit court, being derivative, is dependent upon that of the justice.

2. ————: ————. The jurisdiction of the circuit court, on appeal from a justice's court, is derivative, and hence jurisdiction of the subject-matter of the action cannot be conferred on the circuit court by consent of the parties.

3. ————: Jurisdiction: Voluntary Remittitur. While a defendant cannot confer jurisdiction on a justice of the peace of a set-off for an amount exceeding the jurisdiction of the justice, by crediting plaintiff's account thereon, he may, before the trial in that court, voluntarily enter a credit on the set-off so as to reduce it to an amount within the justice's jurisdiction, and thereby confer jurisdiction on the justice.

4. ————: Pleading: General Denial: Evidence. On appeal from a justice's court, defendant had the right to defend against one

of the items in plaintiff's account on the ground that he received the article embraced in that item under an agreement with plaintiff that its price should be credited on plaintiff's indebtedness to him, notwithstanding defendant set out such item in a set-off filed by him, which the circuit court had no jurisdiction to entertain because its amount exceeded the justice's jurisdiction, since this defense went to plaintiff's right of recovery and hence was available under a general denial.

5. ————: ————: ————. The appearance of a defendant before a justice of the peace is of itself tantamount to the filing of a general denial, and puts plaintiff on proof of his cause of action.

6. **PLEADING: General Denial: Evidence.** Under a general denial, defendant may show anything which tends to disprove plaintiff's right of action.

Appeal from Lincoln Circuit Court.—*Hon. B. H. Dyer,* Judge.

REVERSED AND REMANDED.

*R. L. Sutton* for appellant.

(1) It was competent for defendant to show by parol that the actual amount claimed by defendant in the justice court upon his set-off was within the jurisdiction of the justice, notwithstanding the set-off on its face exceeded his jurisdiction. Best v. Best, 16 Mo. 530; Downey v. Ferry, 2 Watts, 304; Vanderberg v. Gas Company, 199 Mo. 460; Bridge Co. v. Transit Co., 205 Mo. 179; Cherry v. Cherry, 150 Mo. App. 418; Buxton v. Debrecht, 95 Mo. App. 599. (2) The circuit court is a court of general inherent jurisdiction, and as such had by law original jurisdiction of the subject-matter of defendant's set-off, and the parties, by appearing and going to trial in the circuit court upon the issues made up by the pleadings on file, conferred upon the court full jurisdiction over their persons, and nothing more was necessary to give the court complete jurisdiction and power to determine and adjudicate the matter of complaint between them. Dan-

forth v. Thompson, 34 Iowa, 243; Pruett v. Stuart, 5 Ala. 112; Smith v. Mayberry, 61 Ark. 520; Pearson v. Gillett, 55 Mo. App. 317; Nicholson v. Railroad, 55 Mo. App. 598; Krass, etc., v. Shipp, 69 Mo. App. 49; Hadley v. Bernero, 103 Mo. App. 554; Robinson v. Walker, 45 Mo. 120; Sidwell v. Jett, 213 Mo. 609; State ex rel. Dunham v. Nixon, 232 Mo. 98; State ex rel. St. Louis, etc., Co. v. Nixon, 232 Mo. 496; 24 Cyc. 643. (3) A showing that the clover purchased by defendant from plaintiff, the purchase price of which was demanded in plaintiff's account sued on by him herein, was taken by defendant with the acquiescence and consent of plaintiff, in part payment of an account then held by defendant against plaintiff, would have been a complete defense to this item in plaintiff's account, and defendant was entitled to have such defense submitted to the jury, without the necessity of pleading such defense, or of filing a set-off or counterclaim for the value or purchase price of such clover. Beck v. Kinnealy, 89 Mo. App. 423; Rider v. Culp, 68 Mo. App. 531; Buxton v. Debrecht, 95 Mo. App. 599, 606; Craddock v. Godding, 10 Colo. App. 115.

*W. H. Jackson* and *Avery, Young, Dudley & Killam* for respondent.

(1) No error was committed in refusing defendant's offer to show that his attorney had stated on the trial before the justice that plaintiff was entitled to a credit on defendant's set-off for seventy-two dollars for the purpose of bringing the set-off within the jurisdiction of the justice. (a) Because defendant has no right to use items of plaintiff's account sued on to reduce his own set-off to an amount within the jurisdiction of the justice of the peace. Almeida v. Sigerson, 20 Mo. 497; Reed v. Snodgrass, 55 Mo. 180; Green v. Beebe, 39 Mo. App. 468; Wells v. Gouveia, 161 Mo. App. 565. (b) The proffered testimony

Vance v. McHugh.

neither showed an amendment nor authority to the justice to enter an amendment or credit on the defendant's set-off. Best v. Best, 16 Mo. 530; Robinet v. Nunn, 9 Mo. 246. (c) The defendant. undertook to prosecute the entire claim until the court ruled it out, and it was then that he undertook to show that he had admitted that plaintiff was entitled to a credit in the justice's court. (d) The jurisdiction of the circuit court was purely derivative and the justice, having no jurisdiction of the set-off, the circuit court acquired none by appeal. Webb v. Tweedy, 30 Mo. 488; Bank v. Doak, 75 Mo. App. 336; Seeser v. Southwick, 66 Mo. App. 671; Mill Co. v. Short, 59 Mo. App. 342; Kellog v. Linger, 60 Mo. App. 578; Reinhardt v. Kempf, 72 Mo. App. 650; Saunders v. Scott, 132 Mo. App. 209; Sanders v. Selleck, 165 Mo. App. 395. (e) The amount of the claim must be determined by the record for the purpose of determining jurisdiction. R. S. 1909, sections 7446 and 7448; Malone v. Hopkins, 40 Mo. App. 331; Knoche v. Perry, 90 Mo. App. 482; Seeser v. Southwick, 66 Mo. App. 669; Hansberger v. Railroad, 43 Mo. 196; Gregory v. Railroad, 20 Mo. App. 448. (2) Plaintiff, by appealing and going to trial upon the merits in the circuit court, did not waive the want of jurisdiction of the circuit court over defendant's set-off, for, while jurisdiction of the person may be waived on appeal there can be no consent to nor waiver of jurisdiction of the subject-matter either in justice's court or in the circuit court by appeal. (a) By taking an appeal from the judgment of the justice, the party appealing does not waiver objection to jurisdiction over the subject-matter. Olero Co. v. Hoffmire, 9 Colo. App. 526; Parker v. Raphael, 64 Ill. App. 299; 24 Cyc., page 694, n. 7. (b) Jurisdiction of the subject-matter is not waived in justice's court nor in circuit court on appeal, by appearing and going to trial. Bank v. Doak, 75 Mo. App. 336; Grant v. Stubblefield, 138 Mo. App. 555; Barnes v. Plessner, 121 Mo. App. 77;

Dennis v. Bailey, 104 Mo. App. 638; Meyer v. Ins. Co., 184 Mo. 481; Bente v. Rem. Type. Co., 116 Mo. App. 77; Seeser v. Southwick, 66 Mo. App. 671. (c) The question of want of jurisdiction of appellant's set-off was properly raised by objections to the introduction of any evidence on behalf of such set-off. Pattison Code Pleading, sections 866-868. (3) There was no error in the action of the court in regard to the $72 item for clover.

NORTONI, J.—This is a suit on an account. Plaintiff recovered and defendant prosecutes the appeal.

The suit originated before a justice of the peace, and the amount of the account sued for is $154.27. Defendant filed a set-off containing numerous items of account against plaintiff—in all amounting to $294.75, and prayed judgment for this amount. The case was tried before the justice and found its way to the circuit court by appeal, for trial *de novo*. The parties appeared for trial in the circuit court and no formal objection appears to have been made to defendant's set-off until he commenced the introduction of evidence with a view of establishing the matters of account therein set forth. Thereupon plaintiff objected to the court's hearing evidence on the matters set forth in defendant's account of $294.75, for the reason the court was without jurisdiction over the subject-matter, because the amount exceeded the jurisdiction of the justice of the peace, where it originated. The court sustained this objection and denied defendant's right to be heard on the set-off, for the reason stated—that is, that the court was without jurisdiction over its subject-matter—and the principal question for consideration here relates to this ruling.

The statute vests jurisdiction in the court of a justice of the peace in suits on account, to the extent of $250, and it is conceded that the justice of the peace

in the first instance was without jurisdiction over the subject-matter of the set-off because of its amount, $294.75. But it is argued, though such be true, the circuit court possesses general, inherent and original jurisdiction with respect to suits on account, in the amount involved in the set-off, and, therefore, the only question relates to the jurisdiction of that court over the person of the parties; and it is said this was waived by the appearance in going to trial without objection. It is true the circuit court posessses original jurisdiction over the subject-matter of a suit on account for $294.75, but the instant case did not originate in that tribunal. On the contrary, it came there by appeal from the court of the justice of the peace, which possessed no jurisdiction over the subject-matter of the set-off, and the rule of decision well established in this State is to the effect that the jurisdiction of the circuit court on appeal from a justice is to be regarded as derivative. In other words, jurisdiction over the subject-matter of the action may not be conferred by consent of the parties but is derived through the appeal from the justice, and this is true though the case is to be tried anew in the circuit court.

This court has but recently said:

"It is well settled that the jurisdiction of a justice of the peace must affirmatively appear on the face of the proceedings. [See Ruckert v. Richter, 127 Mo. App. 664, 106 S. W. 1081; Severn v. Railroad, 149 Mo. App. 631, 129 S. W. 477; Bucholz v. Insurance Co., 176 Mo. App. 464, 158 S. W. 451.] And, if a justice has no jurisdiction, the circuit court can acquire none on appeal, for the jurisdiction of the latter is purely derivative and dependent upon the jurisdiction of the justice. [See Brownfield v. Thompson, 96 Mo. App. 340, 70 S. W. 378; Johnson v. Stephens, 107 Mo. App. 629, 82 S. W. 192; Bucholz v. Insurance Co., supra.]" [Trapp v. Mersman, 183 Mo. App. 512, 167 S. W. 612.] [See Guhman v. Dunaway, 183 Mo. App. 659, 167 S. W.

598; see also to the same effect, Saunders v. Scott, 132 Mo. App. 209, 111 S. W. 874; Sanders v. Selleck, 165 Mo. App. 392, 147 S. W. 134; Bucholz v. Metropolitan Life Ins. Co., 176 Mo. App. 464, 158 S. W. 451; Johnson v. Stephens, 107 Mo. App. 629, 82 S. W. 192; Seeser v. Southwick, 66 Mo. App. 667; Bank v. Doak, 75 Mo. App. 332; Reinhardt v. Kempf, 72 Mo. App. 646, 650.]

But it is urged the better view is, that where the appellate court has original as well as appellate jurisdiction and the case is to be tried anew, as in the matter of an appeal from the justice of the peace to the circuit court, jurisdiction of the subject-matter should be regarded as vested by the law in the appellate court in such cases and the question treated as one concerning the jurisdiction over the person only, which may be conferred by consent. The proposition appears to be sound in principle, and were the question an open one, we would be inclined to accept it, for such cases may properly be distinguished from those where the justice of the peace is given sole or exclusive jurisdiction in the first instance. But, as has heretofore been said, the rule of decision in this State appears to be established otherwise. [See Hadley v. Bernero, 103 Mo. App. 549, 554, 78 S. W. 64.] In this view, the court did not err in denying defendant a hearing on the set-off, for the reason it was without jurisdiction of the subject-matter on an appeal from the justice of the peace.

But though such be true, we believe the court erred in denying defendant the right to be heard with respect to an item of $72 for clover hay appearing in both plaintiff's account sued upon and defendant's set-off. It is true that a party sued before a justice of the peace may not be heard on a set-off exceeding the jurisdiction of the justice but for the fact that it is credited with the amount of plaintiff's claim. In other words, a defendant may not reduce his set-off, otherwise exceeding the jurisdiction of the justice, by enter-

ing a credit of plaintiff's account thereon, and thus bring the subject-matter of the set-off within the jurisdiction of the justice. [See Almeida v. Sigerson, 20 Mo. 497; Reed v. Snodgrass, 55 Mo. 180.] However this may be, a defendant may, while the case yet remains in the court of the justice and before the trial there, voluntarily enter a credit on his set-off, otherwise exceeding the jurisdiction of the justice, so as to enable the court to pronounce judgment upon it, for at this stage of the proceeding he may forgive a portion of the debt if so inclined. [See Wells v. De Gouveia, 161 Mo. App. 563, 143 S. W. 517.]

But the propositions adverted to are wholly beside the instant case. Here, it is true the $72 item for clover appeared in plaintiff's account sued upon, and it is true, too, that defendant preferred a charge in his set-off on the same item in the same amount against plaintiff. On the ruling of the court that defendant could not be heard on his set-off, he then sought to prove, and, indeed, introduced some evidence to that effect, that the $72 for clover was received by him from plaintiff under an agreement that it should be credited on the indebtedness of plaintiff to him. Because this item appeared in the set-off, the court denied defendant the right to show that no indebtedness to plaintiff ever accrued on account of the $72 for clover. Obviously this was error, for such was competent defense under the general denial alone, and the appearance of a defendant before a justice of the peace in and of itself is tantamount to the filing of a general denial and operates, too, to put the plaintiff on the proof of his cause of action. The defendant may show under the general denial anything tending to disprove the plaintiff's case—that is, as if no debt accrued or ever existed. [See Schmidt v. Rozier, 121 Mo. App. 306, 98 S. W. 791.] It was entirely competent for defendant to show under the general denial that he had received the clover from plaintiff with an understand-

ing that it was to be credited on the indebtedness of plaintiff to him. If such be true, of course, no indebtedness with respect to that item ever existed. The proposition has been pointedly decided heretofore, and it is unnecessary to elaborate it. [See Buxton v. Debrecht, 95 Mo. App. 599, 606, 607, 69 S. W. 616; Rider v. Culp, 68 Mo. App. 527.]

Because the court denied defendant's right to show this fact, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.